DONNELLY, respondent, *v.* CLARK ET AL., appellants.

PRACTICE — *Judgment — Setting aside on ground of surprise.* — After the present case had been set for trial, the parties entered into a stipulation whereby the plaintiff agreed to compromise the action upon the

performance of a certain condition by the defendant before the date of the trial. Such condition not having been performed, the plaintiff, in the absence of the defendant, proceeded with the trial on the day set, and recovered judgment. *Held,* that such judgment would not be set aside at the instance of the defendant on the ground of surprise.

SAME — *Moving party must disclose defense.*— A judgment against the defendant will not be set aside on the ground of surprise unless the facts constituting the defense to the action are stated in the moving affidavit.

*Appeal from First District, Gallatin County.*

THE opinion states the facts.

A. F. BURLEIGH, for the appellant.

E. W. & J. K. TOOLE and WILLIAM WALLACE, for the respondent.

WADE, C. J.   This is an appeal from a judgment and an order overruling a motion to vacate the same.

It appears from the record that an amended complaint was filed on the 2d day of October, 1883, and an answer thereto on the 7th day of June, 1884. At the December term, 1884, the cause was continued on motion of the defendants, and at the spring term, 1885, on the 1st day of April, they filed their second motion for a continuance, which was overruled, and with the consent of the court, and by stipulation of the parties, the cause was set for trial on the 15th day of said month. On the 17th day of April, the defendants failing to appear, a trial was had in their absence, and on the following day a judgment was rendered in favor of the plaintiff for the amount claimed in his complaint. On the 13th day of June following, a motion to vacate the judgment was heard before the judge at chambers, and overruled, and the defendants appeal.

After the motion for a continuance had been overruled on the 1st day of April, and the cause set for trial on the 15th, there were negotiations between the parties for a settlement, and it seems that a settlement was arrived at,

provided the following terms were complied with, viz.: That the defendant should pay to plaintiff, before the day on which the cause was set up for trial, the sum of $850, and that they should procure from one Laney his receipt in full for all claims and demands against the plaintiff. That the procuring of Laney's receipt entered into and formed a part of the settlement, is evident from the letter of Fraser, the agent of defendants, in which he incloses a draft for $850, and says he will have no difficulty in procuring Laney's receipt. These terms of settlement were not complied with. Laney's receipt was never procured, and no money could be had upon the draft. Such a draft or check is not a payment, and is not a tender. It is not money. The plaintiff was entitled to $850 in money and Laney's receipt, or a trial. The defendants failing to pay this money, and to procure this receipt, according to the terms of the proposed settlement, could not have been surprised that a trial took place on the 17th, two days after the day fixed for trial with their consent, if they did not comply with the terms of the proposed settlement before that time. They knew that the cause was pending; that it had been set for trial upon a day certain; that compliance on their part with the terms of settlement could alone defeat a trial; that they had not so complied; and that the trial, therefore, would take place upon the day appointed. With all this knowledge, they could not have been surprised that the trial took place, and there was no excuse for their absence, if they had any defense to plaintiff's claim.

Nor does it satisfactorily appear that the defendants had a defense. They make no affidavit of merits, and do not disclose the facts upon which their defense rests. The one hundred and fourteenth section of the code authorizes proceedings of this kind to vacate and set aside a judgment; but if done at all, it must be in furtherance of justice, and the court or judge ought to have an opportunity to look into the facts upon which the proposed defense rests, otherwise the act of vacating a judgment might be anything else but

the furtherance of justice. Mere surprise is not sufficient, for the defendant might be surprised and the judgment entirely just. "Every consideration of expediency and justice is opposed to the opening up of cases in which judgment by default has been entered, unless it be made to appear *prima facie* that the judgment, as it stands, is unjust." *Parrott* v. *Den*, 34 Cal. 81. How could it be made to so appear unless the nature of the defense is disclosed? The defendants do not come with an answer showing a defense, and while this may not be necessary it is the better practice. *Bailey* v. *Taaffe*, 29 id. 423.

Judgment and order affirmed, with costs.