BLAINE Administratrix, et al., Respondents, v. BRIS-
COE et al., Appellants.

[Submitted September 25, 1895.  Decided September 30, 1895.]

JUDGMENTS—*Default—Vacating—Unauthorized appearance.*—The refusal of the dis-
trict court to open a default was not an abuse of discretion where it appeared, that
while appellant was not served with summons and her son-in-law and agent who had
employed counsel to represent her, made affidavit that he had done so without her
knowledge and consent, she had sought both in the trial court and on appeal, to take
advantage of whatever benefit might accrue from the filing of a demurrer by her
counsel while at the same time repudiating his authority to represent her, and it did
not appear when she first had knowledge of such unauthorized appearance or of the
default.

CONTEMPT—*Unauthorized employment of counsel.*—Where one, without authority, em-
ploys counsel to represent a party to an action, *semble* that such conduct may consti-
tute contempt under subdivision 9 of section 584, First Division of the Compiled Stat-
utes, punishing as for a contempt "any unlawful interference with the process or pro-
ceedings of a court."

*Appeal from First Judicial District, Lewis and Clarke
County.*

THE demurrer and motion to vacate the default of the de-
fendant Coyle were overruled by BUCK, J.    Affirmed.

Statement of the case by the justice delivering the opinion.

This is an appeal from a judgment rendered upon the over-
ruling of defendants' demurrer to the complaint,  and also an
appeal from a special order made after judgment denying the
motion of defendant Sarah J. Coyle to set aside the judgment
in the case.   The complaint was filed October 10, 1893.    A
demurrer on the part of all the defendants was filed by Messrs.
Word & Smith, attorneys at law, on October 16, 1893.    The
demurrer was overruled October 19, 1893.    On November
20th the default of John O. Briscoe and Sarah J. Coyle was
entered.   On the 23d of November, judgment was entered in
favor of plaintiffs, and against the defendants.

*W. J. Anson,* for Appellant.

*Toole & Wallace,* for Respondent.

DE WITT, J.—On the appeal from the judgment,  the only
matter now for consideration is whether  the demurrer to that

pleading was properly sustained.   Nothing appears to indicate that there was any defect in the complaint by reason of which the demurrer should have been sustained.  The judgment must therefore be affirmed.

The point upon which the defendant Sarah J. Coyle or her administrator now relies is the alleged abuse of discretion by the district court in denying her motion to set aside the default.   The motion was made upon the ground that she was never served with summons, and that the appearance for her by Messrs. Word & Smith, attorneys at law, was unauthorized. It is true that she was not served with summons.   But, if she appeared by counsel, that was equivalent to service of summons.   (Code of Civil Procedure 1887, § 80.)   As against this proposition, Mrs. Coyle's counsel contend that she never authorized Messrs. Word & Smith to appear for her.   The facts, as they appeared upon the hearing of the motion, were as follows:   John O. Briscoe, one of the defendants, was the son-in-law of the defendant Mrs. Coyle.  Briscoe had formerly owned the real estate in dispute, and had conveyed the same to his mother-in-law.   He was Mrs. Coyle's managing agent in renting and caring for the property.   Upon the service of summons upon Briscoe, he retained Messrs. Word & Smith in the case, informing them that he had authority to employ counsel to appear for the defendant Mrs. Coyle.   Upon this information and request from Briscoe, Mr. Robert B. Smith, of that law firm, filed a demurrer for all the defendants.   As noted in the statement of the case above, this demurrer being overruled, all of the defendants defaulted for want of an answer, and judgment was entered.   On the motion to open the default and set aside the judgment, Mrs. Coyle filed her affidavit, in which she stated that she did not know Messrs. Word & Smith, and that she never authorized them to appear for her.   Upon the motion there was also filed the affidavit of John O. Briscoe.   That affidavit is as follows:

"State of Montana, County of Lewis and Clarke.—ss.

"J. O. Briscoe, being duly sworn, deposes and says that he is the agent of Sarah Coyle, one of the defendants in the above

entitled action, for the purpose of renting and collecting rents of the property in dispute by and between these plaintiffs and defendants herein; and this affiant further deposes and says that he voluntarily and without the knowledge, consent or approval of the said Sarah Coyle to employ counsel to represent her in the said case, that he did authorize Messrs. Smith & Word to appear and represent her interest in this entitled action.''

"[Duly verified.]"                              "J. O. Briscoe.''

There were a great many other affidavits filed on the motion, which do not seem to us to be of great importance. Upon the showing made, the district court refused to open the default. The defendant Mrs. Coyle appealed. Since the filing of the record, Mrs. Coyle has died. W. E. Higgins, her administrator, has been substituted in her stead.

Granting and denying motions to open defaults are matters within the sound discretion of the district court. Upon the bare showing made by the affidavits, it might appear, perhaps, that there was ground for the district court to set aside this default, and allow Mrs. Coyle to file an answer. But there are other circumstances in this case which addressed themselves to the discretion of the district court. It is significant to observe that Mrs. Coyle, in the district court and in her brief in this court, seeks to take every advantage which might accrue to her by virtue of the filing of the demurrer by Mr. Smith.

She even comes here and argues that the demurrer should have been sustained. She puts herself in the inconsistent position of seeking the benefit of Mr. Smith's legal services, and at the same time of repudiating his authority to appear for her. Again, it is to be noted that Mrs. Coyle's default was entered November 20th. She moved to set it aside on January 3d. She studiously avoided to state in her affidavit when she obtained information that Mr. Smith had appeared for her, or that her default was entered. For all that appears, she may have been fully aware of the appearance of these attorneys from the very day when they filed their demurrer, which was October 16th. Her omission to state when she obtained this

information is extremely significant.   In moving to set aside a default, one must be prompt, and not dilatory.   If Mrs. Coyle were surprised at finding this judgment entered against her, if she were surprised that Messrs. Smith & Word appeared for her, she should, in fairness to the district court, have stated when she obtained this information.   Her silence in this respect leaves her open to the well founded suspicion that she was playing for any advantage by Mr. Smith's appearance, and for a repudiation of such appearance when it suited her convenience.   Furthermore, we have the fact of Mrs. Coyles being a family connection of defendant Briscoe, and the further statement of some of the affidavits that it was understood that, when Mrs. Coyle was in this state, she resided in the family of said Briscoe.   Under all of these circumstances, and owing to the further fact that, if any injustice had been done Mrs. Coyle, she has a remedy in an action in equity, we are of opinion that the district court did not abuse its discretion in declining to open the default.   The judgment and the order are affirmed.

In remitting this case to the district court, we call the attention of the district judge to the remarkable affidavit of J. O. Briscoe, which has been quoted in this opinion above.   It is provided in section 584 of the Code of Civil Procedure (1887) as follows :   ''The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority of the court :   *   *   *   Ninth.   Any other unlawful interference with the process or proceedings of a court.   *   *   *''

Whether the conduct of Briscoe, as disclosed by the record, is a contempt, is a question which has not been investigated or argued before us.   It would seem that such conduct was an unlawful interference with the proceedings of the district court.   Briscoe employed Mr. Smith to appear for Mrs. Coyle. This is not denied.   Then he boldly states that he did this voluntarily, and without the knowledge, consent or approval of Mrs. Coyle.

The district court is advised to institute proper proceedings

for the determination of whether said Briscoe was guilty of contempt of court, and, upon such inquiry to deal with him as seems proper and just under the law and the facts.  Remittitur forthwith.  The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.