BOWEN, RESPONDENT, *v.* WEBB, APPELLANT.

(No. 2,228.)

(Submitted February 27, 1906.   Decided March 19, 1906.)

*Appealable Orders—Default—Vacation—Judicial Notice—Discretion—Attorneys—Presumptions.*

Default—Vacation—Appealable Order.
1.   Under section 1722 of the Code of Civil Procedure, as amended by Session Laws of 1899, page 146, an order, made before final judgment, refusing to set aside a default is not appealable.
District Courts—Rules—Judicial Notice.
2.   The supreme court will not take judicial notice of the provisions of rules of the district court.
Default—Vacation—Discretion—Appeal.
3.   The granting or refusing to grant a motion to set aside a default being within the sound legal discretion of the trial court, the burden rests upon appellant to show a manifest abuse of such discretion by the court in denying a motion of this character.
Default—Motion to Vacate—Grounds.
4.   To justify the granting of a motion to vacate a default, defendant must show that he proceeded with diligence; that the default occurred through his excusable neglect; that the judgment, if permitted to stand, will affect him injuriously; and that he has a defense to plaintiff's cause of action on the merits.
Default—Motion to Vacate—Attorneys—Press of Business.
5.   Affidavits submitted on an application to open a default, showing merely a press of business engagements on the part of defendant's attorney, which called him out of his office a great deal of the time, and caused him to mistake the day on which he was required to make his appearance, cannot be said to establish excusable neglect.
Default—Affidavit of Merits—Practice—Demurrer.
6.   A default will not be vacated merely to permit the defendant to file a demurrer to the complaint, but the application must be accompanied by an affidavit showing a defense to the plaintiff's cause of action upon the merits.
Default—Affidavit of Merits—Answer.
7.   *Quaere:* May an answer, when properly identified, sufficient in form and offered for that purpose, perform the office of an affidavit of merits requisite to an application to open a default?
Default—Affidavit of Merits—Answer—Presumptions.
8.   Where, on appeal from an order denying a motion to open a default so as to permit defendant to file a demurrer to the complaint, the bill of exceptions recited that the motion had been heard upon the

complaint, motion and affidavits, it will not be presumed that a proffered answer, which was neither identified nor referred to as a paper
*offered in support of the motion, was considered by the court as an*
affidavit of merits.

Appeal—District Courts—Rulings—Presumptions.
    9. Every presumption in favor of rulings of the district court will
    be indulged in the appellate court.

Appeal—Error—Presumptions.
    10. Error will not be presumed: it must be made to appear affirmatively.

*Appeal from District Court, Carbon County; Frank Henry,*
*Judge.*

Action by Ellen Bowen against Samuel Webb. From a
judgment denying a motion to set aside a default judgment in
favor of plaintiff and permit defendant to file a demurrer to
the complaint, he appeals. Affirmed.

Statement of the Case, by the Justice Delivering the
Opinion.

In this case there is an appeal to this court from a judgment
by default rendered in the district court of Carbon county on
May 8, 1905, and an attempted appeal from an order of the
district court refusing to set aside the default, which order was
made on February 21, 1905. This action was commenced on
January 21, 1904. Service of summons was made by delivering
a copy thereof, together with a copy of the complaint, to the
defendant, personally, on January 22, 1904. On February
15th following, the defendant having failed to make any appearance in the case, on application of counsel for plaintiff, the
clerk in the district court entered the default of the defendant, and thereafter plaintiff made proof, and judgment was rendered and entered in her favor according to the prayer of her
complaint. On February 15th, after the default, and before
judgment had been entered, defendant's attorney filed a motion
to set aside the default and permit him to file a *demurrer* to the
complaint. This motion recites that it is made upon the papers
in the case and the affidavit filed with it. The motion was accompanied by an affidavit of the attorney for the defendant,
to the effect that he had been employed on January 28th to

make appearance for defendant in this case; "that by reason of mistake and inadvertence as to the time within which said appearance must be made, affiant failed to make such appearance by demurrer or answer."

On February 16th the defendant served upon the attorney for plaintiff a proposed answer, which had been offered for filing on February 15th, after the default had been entered; but no reference whatever is made to this proposed answer in any of the defendant's moving papers. On March 1, 1904, counsel for defendant filed another affidavit of himself in support of the defendant's motion to set aside the default. This second affidavit recites that the default was entered by the clerk when court was in session, contrary to a rule of that court; but the rule is not set forth. This affidavit alleges that the failure of the defendant to appear within the time allowed by law "was occasioned by and due to an unusual amount of business engagements, calling affiant out of his office a great deal during said time after the case had been brought to him and his services had been engaged by the defendant, and prior to the first day of the regular February term of court; and that by reason of the consequent confusion of his business affiant mistook the day upon which he must file appearance of the defendant in the case." The bill of exceptions recites that the motion to set aside the default came on for hearing before the court on February 21, 1905, on the complaint, motion, and affidavits, and was overruled.

*Mr. John B. Clayberg,* and *Mr. W. F. Meyer,* for Appellant.

The policy of our law is to allow all actions to be tried on their merits, if possible, and where a defendant fails to answer or appear within the time limited, and default is taken against him and he moves promptly to set it aside, so that if set aside the plaintiff will not be delayed in the trial of his action, the discretion vested in district courts should be exercised to allow the defendant to appear and answer, and have his case tried upon the merits. (*Benedict* v. *Spendiff,* 9 Mont. 85, 22 Pac. 500; *Collier* v. *Fitzpatrick,* 22 Mont. 553, 57 Pac. 181; *Heardt*

*v. McAllister,* 9 Mont. 405, 24 Pac. 263; *Watson* v. *San Francisco etc. R. R. Co.,* 41 Cal. 20; *Miller* v. *Carr,* 116 Cal. 378, 58 Am. St. Rep. 180, 48 Pac. 324; *Harbaugh* v. *Honey Lake etc. Co.,* 109 Cal. 70, 41 Pac. 792; *Buell* v. *Emerick,* 85 Cal. 116, 24 Pac. 644; *Grady* v. *Donahoo,* 108 Cal. 211, 41 Pac. 41; *Dodge* v. *Ridenour,* 62 Cal. 263; *Francis* v. *Cox,* 33 Cal. 323; *Howe* v. *Independence etc. Co.,* 29 Cal. 72; *Reidy* v. *Scott,* 53 Cal. 69; *Hitchcock* v. *McElrath,* 69 Cal. 634, 11 Pac. 487; *Simkins* v. *White,* 43 W. Va. 200, 27 S. E. 241; *Mason* v. *McNamara,* 57 Ill. 274; *Horton* v. *New Pass Gold etc. Co.,* 21 Nev 184, 27 Pac. 376, 1018; *Haggarty* v. *Walker,* 21 Neb. 596, 33 N. W. 244; *O'Brien* v. *Leach,* 139 Cal. 220, 96 Am. St. Rep. 105, 72 Pac. 1004; *Savings Bank* v. *Schell,* 142 Cal. 505, 76 Pac. 250.)

*Mr. George W. Pierson,* for Respondent.

One is not entitled to relief from every mistake, inadvertence, surprise or neglect, but only where the facts shown are such as would make a denial of the motion an abuse of discretion and where no reasonable excuse is shown the application to set aside the default will be denied. (*Herbst Importing Co.* v. *Hogan,* 16 Mont. 385, 41 Pac. 135; *Thomas* v. *Chambers,* 14 Mont. 424, 86 Pac. 814; *City of Helena* v. *Brule,* 15 Mont. 429, 39 Pac. 456; *Elliott* v. *Shaw,* 16 Cal. 378; *Williamson* v. *Cummings etc. Co.,* 95 Cal. 652, 30 Pac. 762; *Rust* v. *Baird,* 109 Ill. App. 41; *Baltimore etc. R. R. Co.* v. *Ryan,* 31 Ind. App. 597, 68 N. E. 923.) Facts must be stated on application to set aside default, so that the court may determine whether relief should be granted. (*Sherman* v. *Jorgensen,* 106 Cal. 483, 39 Pac. 863; *Barra* v. *People,* 18 Colo. App. 16, 69 Pac. 1074.) Defendant was bound to show that he had a meritorious defense. Hearsay affidavits of merit will not be considered. (*Jenkins* v. *Gamewell etc. Co.* (Cal.), 31 Pac. 570.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

1. The order, made before final judgment, refusing to set aside the default is not an appealable order. (Section 1722 of

the Code of Civil Procedure, as amended by an Act of the Sixth Legislative Assembly [Session Laws, 1899, p. 146].)

2. This court does not take judicial notice of the provisions of rules of district courts. (Code Civ. Proc., sec. 3150.)

3. The granting or refusing to grant a motion to set aside a default is within the sound legal discretion of the trial court, and the appellant here assumes the burden of showing facts which made the denial of his motion a manifest abuse of that discretion. (*Briscoe* v. *McCaffery,* 8 Mont. 336, 20 Pac. 691; *Blaine* v. *Briscoe,* 16 Mont. 582, 41 Pac. 1002; *Morse* v. *Callantine,* 19 Mont. 87, 47 Pac. 635; *Eakins* v. *Kemper,* 21 Mont. 160, 53 Pac. 310; 6 Ency. of Pl. & Pr. 163, and cases cited.)

4. In order to justify the district court in granting the motion, the defendant was required to show (a) that he proceeded with diligence, which may be conceded; (b) his excusable neglect; (c) that the judgment, if permitted to stand, will affect him injuriously, and that he has a defense to the plaintiff's cause of action upon the merits.

So far as defendant's affidavits attempt to make out a case of excusable neglect, at most it may be said they show merely a press of business engagements on the part of defendant's attorney which called him out of his office a great deal of the time, and by reason whereof he made a mistake in the day upon which he was required to make appearance. We are not prepared to say that this showing was sufficient in this respect to justify the court in setting aside the default. Frequently it has been held to be insufficient. (*Thomas* v. *Chambers,* 14 Mont. 423, 36 Pac 814; *City of Helena* v. *Brule,* 15 Mont. 429, 39 Pac 456; *Herbst Importing Co.* v. *Hogan,* 16 Mont. 384, 41 Pac. 135.)

While the law allows a defendant twenty days after service of summons upon him, within which to appear in the action, it does not require him to defer his appearance until the last day, and when he does so he assumes the risk of his delay, if in fact he miscalculates the time.

It has been held uniformly that the defendant must present in support of his motion to set aside a default an affidavit of

merits; that is, an affidavit showing a defense to the plaintiff's cause of action upon the merits. (*Donnelly* v. *Clark*, 6 Mont. 135, 9 Pac. 887.) A default will not be vacated to permit the filing of a demurrer. Conceding that a proffered answer, if identified and offered for that purpose and sufficient in form, may perform the office of an affidavit of merits, we are met, in this instance, with the recital in the bill of exceptions that the trial court heard the motion upon the complaint, motion and affidavits. Nowhere is the proffered answer referred to as a paper offered in support of the motion. It is not identified at all, while the motion itself seeks to have the default set aside in order that the defendant may demur to the complaint. In view of the declared purpose of this motion, and in view of the recital in the bill of exceptions above, and in the absence of anything to show affirmatively that the proposed answer was offered as an affidavit of merits, we cannot presume that it was considered by the trial court, and, in its absence, there is not anything presented by way of an affidavit of merits, and, of course, a trial court would not grant the motion without such affidavit. Every presumption in favor of the district court's ruling will be indulged in this court. Error will not be presumed. It must be made to appear affirmatively.

We have examined the other questions presented by appellant, but there does not appear to be merit in them.

We think this record fails to disclose any error. The appeal from the order overruling the motion to set aside the default is dismissed, and the judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.