SCHAEFFER, RESPONDENT, v. GOLD CORD MIN. CO., AP-
PELLANT.

(No. 2,463.)

(Submitted January 14, 1908.   Decided January 18, 1908.)

[93 Pac. 344.]

*Default Judgments—Setting Aside—Affidavits of Merits—In-
sufficiency—Demurrer.*

Default—Application to Set Aside—Requisites.
  1. A party defendant, on application to set aside his default, must,
  in addition to excusing his delinquency, support the motion by an
  affidavit of merits setting forth the facts constituting his defense, or
  tender with the motion and affidavit a copy of his proposed answer.

Same—Affidavit of Merits—Insufficiency.
  2. An affidavit, filed in support of an application to open a default,
  which recited that the president of the defendant corporation ''fully
  and fairly stated the case'' to affiant, defendant's attorney, and that
  affiant ''says that said defendant has a good and meritorious de-
  fense,'' was not a statement of facts from which the district court
  could determine that the defendant had, *prima facie*, a defense upon
  the merits, and a denial of the application was proper.

Same—Setting Aside—Demurrer.
  3. Courts will not open a default to allow the interposition of a de-
  murrer.

*Appeal from District Court, Lewis and Clark County; J. M.
Clements, Judge.*

ACTION by Hulda Schaefer against the Gold Cord Mining
Company. From a default judgment for plaintiff, and from
an order denying a motion to set the judgment aside, defend-
ant appeals. Affirmed.

STATEMENT OF THE CASE BY THE JUSTICE DELIVERING THE
OPINION.

In December, 1906, this action was commenced in the district
court of Lewis and Clark county by filing a complaint and having
a summons issued. Service of summons was made upon the
defendant on February 14, 1907, by delivering to an officer of

the defendant a copy of the summons together with a copy of the complaint. The return of the sheriff, made on the last-mentioned date, however, recited that such service had been made by delivering to the president of the defendant company a copy of the summons. On March 1st the sheriff made application to the judge of the district court for permission to withdraw the summons from the files and correct the return to conform to the facts, and, such permission having been granted, an amended return was indorsed upon the summons, which recites that service of summons was made by delivering to. the secretary of the company a copy of the summons together with a copy of the complaint. On March 9, 1907, the plaintiff had the default of the defendant entered for failure to appear and answer or demur, and a judgment was thereupon rendered and entered in favor of the plaintiff for the relief demanded in the complaint.

On April 5th the defendant moved the court to vacate the judgment, set aside the default, and permit the defendant to "appear, answer, or demur to the complaint." The ground of the motion was that the sheriff's return had been amended without notice to the defendant, that the defendant had relied upon the defective return first made, and had not appeared in the action within the time allowed by law. This motion was supported by an affidavit of counsel for defendant showing the principal facts set forth above, and which affidavit also recites: "That deponent further says that on or about the 16th day of February, 1907, as aforesaid, E. A. Wetmore, Esq., the president of the said defendant corporation, fully and fairly stated the case in this cause to the undersigned, its counsel, of Helena, Mont., and after such statement was advised by them that the defendant corporation had a good and substantial defense on the merits of the action, and that deponent verily believes the same to be true, and this deponent says that said defendant has a good and meritorious defense to said action." Upon consideration, this motion was denied, and defendant appealed from the judgment and from the order denying its motion.

*Messrs. Wight & Thompson,* for Appellant.

*Mr. Charles E. Pew,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

It may be said to be the settled doctrine in this state that in an instance of this character, where a party defendant in default applies to the court to have the default set aside, he must, in addition .to excusing his default, support his application by an affidavit of merits setting forth the facts constituting his defense, or tender with his motion and affidavit a copy of his proposed answer. (*Donnelly* v. *Clark,* 6 Mont. 135, 9 Pac. 887; *Bowen* v. *Webb,* 34 Mont. 61, 85 Pac. 739.) And there is good reason for this rule. A court would not be justified in setting aside a judgment manifestly just. In order to move the court the defendant must make it appear *prima facie* that the action sought is in the interest of justice; for section 774 of the Code of Civil Procedure gives to the court power to relieve against a judgment entered by default, only when such relief is in furtherance of justice, and it is from such affidavit of merits, or proposed answer, that the trial court is to determine whether the defendant has *prima facie* a defense upon the merits.

The statement in the affidavit filed in this instance, that the defendant, by its president, "fully and fairly stated the case in this cause to the undersigned, * * * and this deponent says that said defendant has a good and meritorious defense to said action," is not a statement of facts, and could not enlighten the court upon the subject of the defense intended to be made. Indeed, the defendant did not ask to be permitted to answer the complaint, but did ask to have the default set aside, and that it be permitted to answer or demur. Courts do not open defaults in order to allow demurrers to be interposed. (*Bowen* v. *Webb,* above.)

While there is also an appeal from the judgment, no contention is made that the complaint does not state facts sufficient to

constitute a cause of action. Appellant's brief is devoted exclusively to a consideration of the appeal from the order.

In the absence of an affidavit of merits setting forth the facts constituting the defendant's defense, or a copy of the answer proposed, the district court did not abuse its discretion in refusing to set aside the default, and the judgment and order are therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

