STATE EX REL. KOLBOW ET AL., RELATORS, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 2,679.)

(Submitted March 1, 1909. Decided March 6, 1909.)

[100 Pac. 207.]

*Default—Setting Aside—Refusal—Error—Supervisory Control —Statute of Limitations—Pleading—Waiver—Estates of Deceased Persons—Heirship.*

Statute of Limitations—Pleading—Waiver.
    1. Under section 6475, Revised Codes, the question whether an action is barred by the statute of limitations can be raised only by answer. The defense may be waived by failure to interpose it.

Default—Setting Aside—Duty of Court.
    2. It is the duty of the district court to set aside a default upon a proper showing, viz.: that the moving party has presented facts which excuse his delinquency, that his interests will be injuriously affected if the default be not set aside, and that he has a meritorious defense.

(415)

Same—Affidavit of Merits—Who may Make.
    3.  An affidavit of merits, on motion to set aside a default judgment, may be made by the attorney of an absent party, and the verification may be upon information and belief.

Same—Setting Aside—Refusal—Error—Supervisory Control.
    4.  Where, after the default of all persons claiming as heirs of a deceased person, who did not appear on a certain date to establish their heirship, had been entered, foreign claimants filed a verified petition to set it aside, alleging that they did not become aware of decedent's death until after the default had been entered, that their interests would be lost to them if it was permitted to stand, and making a *prima facie* showing that they were heirs at law of the decedent, and where it appeared that they had exercised the utmost diligence in getting their claims before the district court, it was error to refuse to set aside the default. Order annulled on application for a writ of supervisory control.

SUPERVISORY CONTROL, on the relation of Johann Kolbow and others, against the district court of the second judicial district and Michael Donlan, a judge thereof, to set aside an order refusing to vacate a default judgment, and to vacate the judgment. Order directed to be set aside, and judgment vacated.

*Mr. Frank A. Lenz,* and *Mr. C. M. Parr,* for Relator.

*Mr. Albert J. Galen,* Attorney General, and *Mr. C. F. Kelley,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

About February 14, 1901, a person who called himself, and was generally known by the name of, Charles Colbert, died intestate in Silver Bow county, Montana, possessed of certain real property situated therein. His estate has been in the course of administration nearly all of the time since his death. At first there did not appear to be any heirs to his estate, and the state of Montana claimed the property by escheat. However, persons claiming to be heirs appeared in due time, and on July 21, 1906, one Joseph Cross, claiming to be an heir, filed his petition to have the question of his heirship determined under the provisions of sections 7670 *et seq.,* Revised Codes. Such proceedings were had therein that an order to show cause was

issued, service thereof made, proof of service established by an order of the district court, and on September 28, 1906, the default of all persons not appearing was entered. In 1908 certain persons residing in Germany, and hereafter for brevity designated the German heirs, appeared by their attorney in fact and moved the district court to set aside the default as to them, and permit them to appear in the proceedings to establish heirship. The motion is in the form of a petition, verified by the attorney in fact, and is supported by the affidavits of John Woolbeater and Frank A. Lenz. The district court denied the motion, and thereupon these German heirs applied to this court for relief. In this court their counsel contend that the right of these persons to inherit in this particular instance is conferred by section 25, Article III, of our state Constitution, and they apparently proceed upon the theory that the district court denied their motion to set aside the default because of the fact that their claims are barred by the last clause of section 4835, Revised Codes, which reads as follows: " * * * But no nonresident foreigner can take by succession, unless he appears and claims such succession within five years after the death of the deceased to whom he claims succession"; and it is earnestly contended that this portion of the section is unconstitutional. The portion of the section quoted is a statute of limitations, and in this state the bar of the statute of limitations can only be raised by answer. (Revised Codes, sec. 6475; *Grogan* v. *Valley Trading Co.,* 30 Mont. 229, 76 Pac. 211.) This being so, and the defense not having been made in that manner—and, indeed, upon a motion there is not any opportunity to raise it—the question whether the rights of these German heirs are barred was not before the district court, and could not have been before it. We must assume, then, that, in passing upon the motion, the fact that the moving parties are nonresident aliens was not considered by the district court, and that the motion must have been treated as if presented by citizens of the United States. The defense of the bar of the statute of limitations is merely a privilege which may be interposed or

waived by failing to interpose it. The district court could not anticipate that such defense would be interposed, and neither can we; so it is not necessary to pass upon the questions propounded by counsel for petitioners in their brief.

Assuming, then, as we must, that the district court did not take into consideration the fact that the moving parties are nonresident aliens, we are to treat the matter before us as if they were not such, and this leads to the only inquiry before us, which is: Should the district court upon the showing made have set aside the default? If a proper showing was made, it was the duty of the district court to set it aside. (*Greene* v. *Montana Brewing Co.*, 32 Mont. 102, 79 Pac. 693.) To constitute a proper showing, the moving parties must have presented to the trial court facts which excuse their delinquency, which show that their interests will be injuriously affected if the default is not set aside, and which show the merits of their claims. (*Schaeffer* v. *Gold Cord Min. Co.*, 36 Mont. 410, 93 Pac. 344; *Bowen* v. *Webb*, 34 Mont. 61, 85 Pac. 739.)

Counsel for the state contend that the affidavits of Woolbeater and Lenz recite only matters of hearsay. Conceding this for the purposes of this proceeding, still it is generally recognized that an affidavit of merits may be made by the attorney of an absent party (6 Ency. of Pl. & Pr. 187), and the affidavit may be upon information and belief. This last statement of the rule must be so, for a plaintiff can verify his own complaint upon information and belief (Revised Codes, sec. 6565), and a verified answer is generally held to be a sufficient affidavit of merits if it shows a defense upon the merits, and under our Code such answer may be verified by an attorney for the absent party and the verification may be upon information and belief.

If, then, we eliminate from our consideration the affidavits of Woolbeater and Lenz, we still have before us the verified petition to set aside the default made by the attorney in fact for these claimants. The particular form in which the motion and affidavit of merits is presented is not of any consequence. The law looks to the substance rather than the form, and we

hold that the verified petition is sufficient as a motion and affidavit of merits. Section 6589, Revised Codes, provides that the court may relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. This verified petition shows that these German heirs did not become aware of Colbert's death until after the default was entered, and it certainly shows that the utmost diligence was exercised in getting their claims before the district court. It shows that the interests of these claimants will be lost to them if this default is permitted to stand. It also makes out a *prima facie* showing that these claimants are heirs at law of Chas. Colbert, deceased, and these facts are all that are necessary to be made to appear. These facts appearing, the court ought to have set aside the default, and ought to have permitted these claimants to come into the proceedings to determine heirship, and file their complaint pursuant to section 7671, Revised Codes. Whether in the end this privilege will avail them anything we cannot say.

The district court is directed to set aside the order heretofore made and vacate the default as to these claimants.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.