PEARCE, APPELLANT, *v.* BUTTE ELECTRIC RAILWAY CO., RESPONDENT.

(No. 2,745.)

(Submitted December 18, 1909. Decided January 7, 1910.)

[106 Pac. 563.]

*Default Judgments—Setting Aside—Affidavit of Merits—Overruling of Demurrer—Notice—When Unnecessary.*

Default Judgment—Vacation—Overruling of Demurrer—Notice—When Unnecessary.
   1. Where the minutes of the court showed that counsel, who asked the vacation of a default judgment entered upon his failure to answer within a given time after the overruling of a demurrer to the complaint, was present when the demurrer was overruled, notice to him of the decision of the court was not required. (Revised Codes, sec. 6594.)

Same—Affidavit of Merits—Answer—When Insufficient.
   2. Assuming that an answer may supply the place of an affidavit of merits in aid of a motion to vacate a default judgment, such a pleading which was in effect a general denial and did not set forth the facts upon which defendant relied to defeat plaintiff's claim, so as

to enable the court to determine whether he had a *prima facie* defense upon the merits and that the granting of the relief would be in furtherance of justice (Revised Codes, sec. 6589), was insufficient to warrant the granting of the motion.

Same—Excusable Neglect—Insufficient Showing.

3.  The court erred in ordering the vacation of a default judgment, asked for on the ground of excusable neglect, upon affidavits showing that defendant's counsel had no recollection of its demurrer to the complaint having been submitted to the court without argument, as shown by the minutes, or of a ruling thereon, or of the allowance of a specified time for answer; that the first intimation counsel had of the default was the day after its entry, and that in every case in which they were interested counsel took certain precautions to prevent a default. The affidavits were insufficient.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by James Pearce against the Butte Electric Railway Company. From an order setting aside a default judgment for plaintiff, he appeals. Reversed.

*Mr. W. M. Bickford,* and *Mr. George F. Shelton,* submitted a brief in behalf of Respondent. Oral argument by *Mr. Shelton.*

*Messrs. Mackel & Meyer,* for Appellant, submitted a brief in support of their contention that the court erred in opening the default, and setting aside the judgment. Oral argument by *Mr. Wm. Meyer.*

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In September, 1908, James Pearce commenced this action against the Butte Electric Railway Company to recover damages for personal injuries. The defendant appeared and filed a demurrer to the complaint. The following proceedings then appear from the court minutes: "October 19, 1908. This day by consent of counsel for the respective parties the demurrer to the complaint herein is submitted to the court without argument and is by the court overruled, and the defendant is given twenty days to answer. * * * In this action the default

of the defendant, Butte Electric Railway Company, a corporation, in not answering, was duly entered according to law on the fifth day of January, A. D. 1909.'' Thereafter on April 19, 1909, evidence was heard and judgment for the plaintiff was entered for the sum of $1,000. Thereafter on the twentieth day of April, 1909, the defendant made its motion to set aside the default and vacate the judgment. The motion recites that it ''will be made upon the files and records in this cause, upon the motion hereto attached, and upon the affidavits of George F. Shelton and W. M. Bickford, hereto attached.'' George F. Shelton and W. M. Bickford were the attorneys for the street railway company. The affidavit of Mr. Shelton is to the effect that he has no recollection of the demurrer having been submitted, or of a ruling thereon, or of the allowance of time for defendant to answer. The affidavit of Mr. Bickford is to the same effect. Each affiant then sets forth the precautions usually taken by him to prevent a default in any cause in which he is counsel. Each sets forth that the first information he had of the default or judgment was on April 20, 1909. The motion was accompanied by an answer which is in effect a general denial. Counter-affidavits were filed by counsel for plaintiff, in which it is asserted positively that Mr. Bickford was present in court on October 19, 1908, that he agreed to submit the demurrer without argument, and, when it was overruled, he asked for and was granted twenty days within which to prepare and file an answer. The motion of the defendant was granted, and plaintiff has appealed from the order.

1. In the affidavits of counsel for the railway company, it is asserted that there was not any notice given of the action of the court in overruling the demurrer. There does not appear to have been any effort made to have the court minutes of October 19, 1908, corrected, if they do not in fact speak the truth, and, from the minutes as they appear above, it is disclosed that counsel for defendant railway company was present in court at the time the order was made. Under such circumstances notice was not required to be given. (Revised Codes, sec. 6594.)

2. There was not any affidavit of merits filed in support of

the motion; but, assuming that an answer may supply the place and perform the function of such an affidavit, the answer tendered in this instance does not do so. Mere denials of the allegations of the complaint do not disclose the facts constituting the defense. They may be sufficient as an answer for one who is in court asserting his right; but, as said by the court of appeal of California, in *Peterson* v. *Plunkett,* 4 Cal. App. 302, 88 Pac. 283: "Upon a motion to set aside a judgment rendered in the absence of the defendant, in order that the court may know what his defense is, and whether he has a good or meritorious defense to plaintiff's cause of action, justice requires him to set forth what he can prove in support of the right of title he claims in his answer."

As far back as 1886, this court, in *Donnelly* v. *Clark,* 6 Mont. 135, 9 Pac. 887, said: "Nor does it satisfactorily appear that the defendants had a defense. They make no affidavit of merits, and do not disclose the facts upon which their defense rests. The one hundred and fourteenth section of the Code authorizes proceedings of this kind to vacate and set aside a judgment; but, if done at all, it must be in furtherance of justice, and the court or judge ought to have an opportunity to look into the facts upon which the proposed defense rests, otherwise the act of vacating a judgment might be anything else but the furtherance of justice. Mere surprise is not sufficient, for the defendant might be surprised and the judgment entirely just. 'Every consideration of expediency and justice is opposed to the opening up of cases in which judgment by default has been entered, unless it be made to appear *prima facie* that the judgment, as it stands, is unjust.' (*Parrott* v. *Den,* 34 Cal. 81.) How could it be made to appear unless the nature of the defense is disclosed?"

Again, in *Schaeffer* v. *Gold Cord Min. Co.,* 36 Mont. 410, 93 Pac. 344, we said: "It may be said to be the settled doctrine in this state that in an instance of this character, where a party defendant in default applies to the court to have the default set aside, he must, in addition to excusing his default, support his application by an affidavit of merits setting forth

the facts constituting his defense, or tender with his motion and affidavit a copy of his proposed answer.· * * * And there is good reason for this rule. A court would not be justified in setting aside a judgment manifestly just. In order to move the court, the defendant must make it appear *prima facie* that the action sought is in the interest of justice; for section 774 of the Code of Civil Procedure (Revised Codes, sec. 6589) gives to the court power to relieve against a judgment entered by default only when such relief is in furtherance of justice, and it is from such affidavit of merits, or proposed answer, that the trial court is to determine whether the defendant has *prima facie* a defense upon the merits. The statement in the affidavit filed in this instance that the defendant, by its president, 'fully and fairly stated the case in this cause to the undersigned, * * * and this deponent says that said defendant has a good and meritorious defense to said action,' is not a statement of facts, and could not enlighten the court upon the subject of the defense intended to be made.''

There was not any affidavit of merits filed, and, in the absence of such affidavit or an answer which sets forth the facts constituting the defense, the trial court was without authority to set aside the judgment.

3. The affidavits presented by the defendant railway company, in so far as they attempt to show excusable neglect, are not materially different from the one considered by this court in *Scilley* v. *Babcock*, 39 Mont. 536, 104 Pac. 677, and held to be insufficient.

The order of the district court is reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.