VADNAIS ET AL., RESPONDENTS, *v.* EAST BUTTE EXTEN-SION COPPER MINING CO., APPELLANT.

(No. 2,934.)

(Submitted February 1, 1911.  Decided February 8, 1911.)

[113 Pac. 747.]

*Corporations—Service of Summons—Default Judgment—Setting Aside—Discretion—Affidavit of Merits.*

Corporations—Service of Summons—Evidence—Sufficiency.
 1.  The recital in a sheriff's return on a summons in an action against a corporation, that he served the same on the president of the defendant company (naming him), is *prima facie* evidence that the person named was president of the corporation.

Default Judgment—Vacation—Excusable Neglect—Discretion.
 2.  The district court did not abuse its discretion in refusing to set aside a default judgment on the ground of excusable neglect, where the affidavit in support of the motion alleged, in effect, that appellant's attorney had misunderstood the facts as to the date of the service of summons, and that he neglected to make appearance for defendant because busily engaged in court work.

Same—Affidavit of Merits—Answer.
 3.  One who, in his affidavit filed in aid of his motion seeking the vacation of a default judgment on the ground of excusable neglect, fails to show that he has, *prima facie*, a defense to plaintiff's cause of action, or tender an answer, is not in position to complain of the refusal of the court to comply with his request.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Polydor Vadnais, and another against the East Butte Extension Copper Mining Company. From a judgment for plaintiffs and an order refusing to set aside a default, defendant appeals. Affirmed.

Cause submitted on brief of counsel.

*Mr. A. P. Heywood,* and *Messrs. Breen & Hogevoll,* for Appellant.

*Mr. L. P. Forestell* and *Mr. I. A. Cohen,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On June 17, 1910, plaintiffs commenced this action against the defendant company upon a money demand. On the same day summons was issued and placed in the hands of the sheriff for service. The sheriff's return recites that service was made on June 18 "by exhibiting the original and delivering a true copy thereof, together with a copy of the complaint in said action to Charles Schatzlein, the president of the East Butte Extension Copper Mining Company, who accepted service for said company in the county of Silver Bow, Mont.; said company being the defendant named in said summons." On July 11 the default of the defendant was entered for want of an appearance, and on the same day judgment was rendered and entered in favor of the plaintiffs for the amount claimed in their complaint. The judgment recites: "This day it appearing to the satisfaction of the court that the above-named defendant, East Butte Extension Copper Mining Company, a corporation, has been duly and regularly summoned to answer unto the plaintiffs' complaint herein," etc. A motion to set aside the service of summons and to open the default was made upon the grounds: (a) That service of summons was made upon Charles Schatzlein, and not upon Frank H. Cooney; and (b) the excusable neglect of an attorney for the defendant company. The motion was supported by the affidavit of Swan T. Hogevoll, who says that he was retained as one of the attorneys for the defendant;

that the papers in the case were delivered to him on or about July 1 by F. H. Cooney; that he misunderstood the facts as to the date of the service of summons and believed that service had been made about July 1, and that he was busily engaged in court work and neglected to make appearance for the defendant. The affidavit refers to, and makes a part of it, a certificate by the East Butte Extension Copper Mining Company, an Arizona corporation, designating Frank H. Cooney as its agent upon whom service of process might be made, and Cooney's acceptance of the office. After a hearing the district court denied the motion, and the defendant has appealed from the judgment and from the order refusing to set aside the default.

1. Section 6519, Revised Codes, provides, among other things: "Any corporation doing business in this state may be served with summons, by delivering a copy of the same to the president * * * of the corporation, or to the agent designated by such corporation as the person upon whom service shall be made as required by law." The recital in the sheriff's return is that he served Charles Schatzlein, the president of the defendant company. The judgment recites that it was made to appear to the trial court that due service of summons was made upon the defendant company. There is not any denial of the fact that Schatzlein was president of the defendant corporation. Every intendment must be in favor of the judgment of the trial court, and, if the recital in the sheriff's return is not sufficient evidence of the fact that Schatzlein was president of the defendant corporation, we will indulge the presumption from the recital in the judgment that sufficient evidence of that fact was produced before judgment was rendered. (*Rowe* v. *Table Mountain Water Co.*, 10 Cal. 442; *Hagerman* v. *Empire Slate Co.*, 97 Pa. 534; 32 Cyc. 512.)

2. The court did not abuse its discretion in refusing to set aside the default upon the showing of excusable neglect. The facts of this case cannot be distinguished from those in *Scilley* v. *Babcock*, 39 Mont. 536, 104 Pac. 677.

3. But the court was clearly correct in refusing to set aside the default upon the showing made, or, more correctly speaking, upon the lack of any showing. In addition to showing excusable neglect, it is absolutely necessary that a defendant in default show that he has *prima facie* a defense upon the merits, either by affidavit or by tendering an answer. (*Bowen* v. *Webb*, 34 Mont. 61, 85 Pac. 739; *Schaeffer* v. *Gold Cord Min. Co.*, 36 Mont. 410, 93 Pac. 344; *Pearce* v. *Butte Electric Ry. Co.*, 40 Mont. 321, 106 Pac. 563.) There is not a word in this entire record to indicate that the defendant had or has any defense whatever to plaintiffs' cause of action. There was not any answer tendered, and the affidavit is silent upon the subject. Courts do not set aside judgments merely for pastime. Section 6589, Revised Codes, provides that a court may relieve a party in default if it appears to be in the interest of justice to do so; but, in the absence of any showing that the defaulted party has a defense, it is impossible for the court to determine whether justice will be promoted or retarded by setting aside the default.

There is not any merit in either of these appeals. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.