STATE EX REL. STEPHENS, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 3,069.)

(Submitted October 5, 1911. Decided October 21, 1911.)

[118 Pac. 268.]

*Mandamus—Change of Venue—Action Against Public Officer— Affidavit of Merits—Sufficiency.*

Change of Venue—Affidavit of Merits—Sufficiency.
1. The affidavit of merits required by section 6505, Revised Codes, on demand for a change in the place of trial, need not set forth the facts relied upon by the defendant as a defense to the action, but is sufficient if it contains the statement "that defendant has fully and fairly stated the case to his counsel and that he has a good and substantial defense upon the merits in the action, as he is advised by his counsel and verily believes."

Same—Joinder of Causes of Action—Effect.
2. Where two of three causes of action alleged were of such a nature as to entitle defendant to a change of venue to the county of his residence, the fact that a third was joined which gave him no

such privilege did not abridge his right to demand a change in the place of trial.

Same—Action Against Public Officer.

3. *Held*, under section 6502, Revised Codes, that an action against the warden of the state penitentiary, a public officer, for tortious acts alleged to have been committed by him in the exercise of his authority as such officer, was properly sent for trial to the county in which the acts were claimed to have been done.

Same—Counter-motion to Retain Jurisdiction.

4. Where a cause was on motion of defendant rightly transferred to another county for trial, plaintiff's counter-motion that it be retained because of the fact that he could not have a fair and impartial trial in that county, was properly disregarded. His remedy was by motion for change of venue in the district court of the county to which the action was sent.

ORIGINAL application for writ of *mandamus* to compel the district court of Silver Bow county, and John B. McClernan, one of its judges, to vacate an order granting a motion for a change of venue, and to enter one denying such motion. Dismissed.

*Mr. C. A. Wallace* submitted a brief in behalf of Relator, and argued the cause orally.

*Mr. C. F. Kelley, Mr. L. O. Evans,* and *Mr. W. B. Rodgers,* for Respondents, submitted a brief. *Mr. Kelley* argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

Application for a writ of *mandamus* to compel the district court of Silver Bow county and the Honorable John B. McClernan, one of its judges, to vacate an order made in the case of Oram Stephens (this relator), against Frank Conley, granting the latter's motion for a change of place of trial to Powell county, and to make an order denying said motion. The relator is a resident of Silver Bow county, while Frank Conley resides in Powell county. He was, however, served in Silver Bow county. The complaint in *Stephens* v. *Conley* contains three causes of action. In the first the plaintiff alleges that ever since the 12th day of July, 1907, the defendant has been the warden of the state penitentiary at Deer Lodge in Powell

county; that P. J. Tuohy and Joseph Quesenberry were guards at the prison, in his employ, during the years 1908 and 1909; that while plaintiff was confined in the prison under a sentence of the district court of Fergus county, the defendant ordered Tuohy and Quesenberry to manacle and shackle him and to confine him in a dirty, filthy, loathsome, dark and obnoxious cell called the "Hole," which they did; that under Conley's direction the guards assaulted him, placed him in solitary confinement and fed him on bread and water. The second cause of action is predicated upon the allegation that Conley, as warden, retained plaintiff in custody at the prison for a period of 177 days after his term had expired. The third cause of action is for an alleged malicious prosecution after plaintiff was released from the prison.

The defendant's motion for a change of place of trial was based upon the following allegation, among others: "That the causes of action set forth in the complaint are for certain alleged acts specified in said complaint, done by said defendant in virtue of his office as warden of the penitentiary, and all of said causes of action arose in the county of Powell." Plaintiff filed a counter-motion praying that the cause be not sent to Powell county because of the fact that the people of that county are so prejudiced against him that he could not have a fair and impartial trial. This motion was overruled by the district court and that of defendant was granted.

Section 6502, Revised Codes, provides: "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the * * * power of the court to change the place of trial; * * * 2. Against a public officer, * * * , for an act done by him in virtue of his office, * * * ."

Section 6504 reads: "In all other cases, the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; * * * Actions upon contracts may be tried in the

county in which the contract was to be performed; and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial, as provided in this Code.''

Section 6505 reads: ''If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county.''

When Conley appeared in the action he filed an affidavit of merits, and subsequently an amended affidavit was filed by leave of court. We find no abuse of discretion in allowing the amended affidavit to be filed. It reads as follows:

''Frank Conley, the defendant in the above-entitled cause, being first duly sworn, on oath deposes and says, the summons and complaint in this action were served on me on the 13th day of June, A. D. 1911. I further say that I have fully and fairly stated the case and all the facts in this cause, to C. F. Kelley, one of my counsel and attorneys in this case, who resides at No. 829 West Park street, in the city of Butte, Montana, and after such statement, I am advised by the said Kelley, and verily believe, that I have a good and substantial defense on the merits in this cause, and to all of the causes of action set forth in said complaint; that at all the times mentioned in plaintiff's complaint and at all times since, including the time of commencement of this action, affiant has been and now is a resident of, and resided in, and now resides in the county of Powell, state of Montana; that all of the alleged causes of action set forth in said complaint arose within, and all the alleged tortious acts, if any, alleged in said complaint, against this defendant, were committed within the said county of Powell, and that all of said alleged causes of action, which occurred subsequent to July 1, 1908, are brought against me by virtue of certain alleged acts, which it is alleged were either done by me, or suffered and permitted to be done by me, while

acting in the capacity of warden of the state penitentiary of the state of Montana, located in the city of Deer Lodge, in said county of Powell. That I am now, and during all of the times mentioned in said complaint, since July 1, 1908, have been the duly appointed, qualified and acting warden of the said penitentiary of said state.''

1. It is contended that the affidavit of merits is insufficient in that it fails to set forth the facts relied on by the defendant as a defense to the action. The case of *Pearce* v. *Butte Electric Ry. Co.,* 40 Mont. 321, 106 Pac. 563, is cited by the relator to this point. This court held in the *Pearce Case,* following the earlier decisions on the subject, that to justify an order relieving a defendant from a default judgment, it was necessary to file an affidavit setting forth the facts constituting his defense or tender a copy of his proposed answer. The affidavit referred to is called in the opinions an ''affidavit of merits'' and is, strictly speaking, an affidavit setting forth the merits of the proposed defense. But the statute does not so denominate it. The Code (sec. 6589, Rev. Codes) provides that the court may relieve a party from a judgment, ''in furtherance of justice, and on such terms as may be just,'' and this court, in *Donnelly* v. *Clark,* 6 Mont. 135, 9 Pac. 887, held that no relief should be granted unless the facts constituting the defense were stated in the moving affidavit. The rule there laid down has been since consistently adhered to and followed. (See, also, *Schaeffer* v. *Gold Cord Mining Co.,* 36 Mont. 410, 93 Pac. 344.) It may be confidently asserted, therefore, that an affidavit such as that presented in this case would not be sufficient to warrant the court in vacating a default judgment. And there is good reason for the rule. A judgment regularly entered after service of process is presumed to be just; and the burden is upon the defendant to make a *prima facie* showing that it is unjust. Mr. Chief Justice Wade, speaking for the court in *Donnelly* v. *Clark,* very pertinently inquired: ''How could it be made to appear unless the nature of the defense is disclosed?''

But the affidavit required on demand for a change in the place of trial is specifically referred to in the statute as an "affidavit of merits." At the time of the adoption of the Code and for many years prior thereto the term "affidavit of merits" had a well-defined meaning. "On a motion to change the [1] venue defendant must swear to a meritorious defense, as he is advised by his counsel." (1 Ency. Pl. & Pr. 375.) "The form of the affidavit of merits usually required to be made by a defendant and which should generally be followed, is 'that defendant has fully and fairly stated the case to his counsel and that he has a good and substantial defense upon the merits in the action, as he is advised by his counsel and verily believes.' Every part of this form is material and any departure from it should be avoided." (2 Am. & Eng. Ency. of Law & Pr. 722.) We think the affidavit of merits required by section 6505, Revised Codes, is the formal affidavit referred to and the form of which is given in the authorities just quoted. The affidavit in this case is therefore sufficient.

2 It is contended by the counsel for relator that Silver Bow county was a proper place in which to try the action because of the fact that it was the county where plaintiff resides and where the defendant was served. And, it is argued, this being true, the plaintiff had a right to insist that the cause should be tried in that county, notwithstanding the fact that defendant resided in Powell county and the torts complained of were there committed. Under statutory provisions similar to ours, the court of appeals of Colorado held: "In an action for a tort the county where the defendant resides, and the county where the plaintiff resides and the defendant is served, and the county where the tort was committed, are equally proper counties for trial; and, if the action is commenced in any one of these counties, the place of trial cannot be changed, on the ground that the county designated is not the proper county." (*Denver etc. R. Co.* v. *Cahill,* 8 Colo. App. 158, 45 Pac. 285.) We may assume, without deciding, that the Colorado court has correctly interpreted the statute. But there is an element in this cause

which is lacking in the Colorado case. It is shown by the complaint that Conley is the warden of the state penitentiary and that some of the acts complained of were committed by him while in the exercise of his authority as such officer. The fact that other tortious acts are charged in the third cause of action [2] does not deprive him of his right to demand a change in the place of trial. (*Bond* v. *Hurd,* 31 Mont. 314, 78 Pac. 579.) There is no question that the warden of the state penitentiary is a public officer. (See sec. 9720, Rev. Codes.) Section 6502, Revised Codes, *supra,* provides that an action against a public officer, for an act done by him in virtue of his office, must be tried in the county where the cause of action, or some part thereof, arose, subject to the power of the court to change the place of trial. Section 6506, Revised Codes, provides: ''The court or judge must, on motion, change the place of trial in the following cases: 1. When the county designated in the complaint is not the proper county. 2. When there is reason to believe that an impartial trial cannot be had therein. 3. When the convenience of witnesses and the ends of justice would be promoted by the change. 4. When, from any cause, the judge is disqualified, etc.''

It is contended that the tortious acts complained of were not committed by the defendant ''in virtue of his office,'' but we think there is no force in the suggestion. It could only have been by reason of the fact that he was warden, that opportunity was given to commit the alleged acts. If he could commit only legal acts ''in virtue of his office,'' plaintiff would have no cause of complaint.

We think the legislature intended that an action against a public officer for a tort alleged to have been committed by him in the exercise of his authority as such officer, should be tried in the [3] county where the act was done; and that, in cases where the place of trial is otherwise properly selected by the plaintiff, the defendant has an absolute right to have it changed to the county where such act was committed. (*Cowen* v. *Quinn,* 13 Hun, 344; *Porter* v. *Pillsbury,* 11 How. Pr. 240.) The Code

provides that the action must be tried in that county. In all cases where the venue is properly laid, however, the court may change the place of trial where there is reason to believe that an impartial trial cannot be had in the county first selected, or when the convenience of witnesses and the ends of justice would be promoted by the change, or when the judge is disqualified.

Plaintiff's counter-motion was properly disregarded. That [4] motion could only be considered after the cause was sent to the proper county for trial.

The proceedings are dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.