[Civ. No. 8404. First Appellate District, Division Two.—April 6, 1932.]

FRANK OREKAR et al., Respondents, v. DAVID LAGER, Appellant.

Henry E. Monroe and Julia M. Easley, for Appellant.

Marion Vecki for Respondents.

TUTTLE, J., *pro tem.*—This action was brought to annul and cancel a deed of trust. Judgment went for plaintiffs, and the appeal is prosecuted from said judgment.

On June 17, 1927, one Tony Ownes filed a suit against respondents herein and Pacific Coast Apartment Builders Corporation, seeking to set aside a deed from respondents to said corporation, upon the ground that the same was executed for the purpose of defrauding plaintiff, a creditor. Upon the same day the plaintiff in said action duly filed for record a *lis pendens,* giving notice of the pendency of the action.

On November 18, 1927, respondents herein filed an amended answer and cross-complaint in said action, seeking to set aside as fraudulent a deed whereby they had conveyed said real property to said corporation. The cause of action was alleged false representations made by Anton Usik and the said corporation, who were named as cross-defendants. No *lis pendens* was filed by the cross-complainants.

On December 29, 1927, Pacific Coast Apartment Builders Corporation executed a deed of trust covering said property, to secure the payment of the sum of $2,200. Appellant herein is the grantee and assignee of the beneficiary under said deed of trust.

On March 28, 1928, judgment in said action was entered in favor of respondents herein setting aside their deed to said corporation.

Upon proof of the foregoing facts, the trial court in this case adjudged that respondents' title be quieted against said corporation, and enjoined the latter from setting up any claim to said real property. The effect of the judgment was to annul the trust deed, and thus deprive appellant of his security.

It is conceded by both parties that the sole question involved in this appeal is whether or not the said trust deed was taken subject to constructive notice of the right and interest in the real property which respondents sought to assert in their said cross-complaint. Appellee contends that the *lis pendens,* recorded when the complaint was filed was not constructive notice of the pendency of the action set forth in the cross-complaint. It is the contention of respondents "that the *lis pendens* recorded by the plaintiff,

Tony Ownes, gave notice to the world of the claim of defendants Frank and Barbara Orekar (respondents herein), at least from the time that their cross-complaint was filed''.

Section 409 of the Code of Civil Procedure reads as follows: "In an action affecting the title or right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may record in the office of the recorder of the county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property in that county affected thereby. From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby, be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names.''

It has been held that the mere pendency of a suit does not, as at common law, charge the subsequent purchaser. A notice of *lis pendens* must appear of record. (*Warnock* v. *Harlow*, 96 Cal. 298 [31 Am. St. Rep. 209, 31 Pac. 166].) It will be noted that the statute we have quoted expressly provides "that the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may record . . . a notice of the pendency of the action''. In the Ownes case affirmative relief was claimed in the answer, and an entirely distinct and different cause of action from that contained in the complaint was alleged. This much is conceded by all parties hereto. The cross-complainants in that case (respondents herein) admittedly and obviously failed to comply with the provisions of the statute in neglecting to file a *lis pendens* when their cross-complaint was filed, or at any time afterwards. They argue that when appellant or his grantor saw the record of the *lis pendens* filed by the *plaintiff* in the action, he was thereby charged with notice of the allegations of all pleadings on file in said action, including the cross-complaint. To adopt such a rule would abrogate the express provisions of the code section. If the legislature had in mind such result, why did it provide for a *lis pendens* for *both* the complaint of plaintiff and the affirmative relief

of defendant? Can we assume that they meant what they said in one case, and made an idle gesture in the other? If no *lis pendens* is filed by the plaintiff, there is no constructive notice of the pendency of the action, and purchasers and encumbrancers without actual notice take title free and clear of any rights asserted in the action and any subsequent judgment rendered therein. Where defendant in his answer sets up an affirmative defense based upon an absolutely different cause of action, the same rule is laid down by the statute.

In the numerous cases cited by both counsel herein, no statute similar to or resembling our code section is involved. In the state of Georgia, where the common-law rule obtains, and the *lis pendens* dates from the filing of the complaint, it was held that "Relatively to such affirmative cross-action or cross-complaint the defendant occupies the position of plaintiff, and the *lis pendens* as to such cross-complaint operates as against a purchaser from the plaintiff only from the time when it is filed." (*Bridger* v. *Exchange Bank,* 126 Ga. 821, 830 [115 Am. St. Rep. 118 [8 L. R. A. (N. S.) 463, 56 S. E. 97, 101].) Quoting further from that case, the court says: "If the rule which we have suggested above is not a correct one, and if a person who purchases from a plaintiff in a pending lawsuit were bound to anticipate all possible cross-complaints, which might greatly broaden the scope of the action or alter the nature of the relief sought, and if he were affected by the *lis pendens* as to all such possible cross-complaints before they were filed, it would be an exceedingly dangerous matter to purchase property at all from any person who might happen to be either plaintiff or defendant in any sort of action." The foregoing case is referred to for the purpose of indicating that under the common-law rule, where a cross-complaint is filed, the defendant becomes an actor, and to all intents and purposes a plaintiff, and that the general doctrine of *lis pendens* applies with equal force to both. Such is the rule laid down in 2 Pomeroy's Equity Jurisprudence, fourth edition, section 634.

Respondents rely upon the case of *Welton* v. *Cook,* 61 Cal. 481. An examination of that opinion discloses that the court expressly refrained from determining this question. Plaintiff filed an ordinary complaint to quiet title, and re-

corded a *lis pendens*. Defendant cross-complained by seeking to quiet title to the same property. Pending the action plaintiff conveyed the property to one Cook. Judgment was rendered for defendant, who brought suit to quiet title against Cook. The latter contended that he was not bound by the action for the reason that no *lis pendens* had been filed by the defendant. The court stated that "admitting (which we do not) that in such case the Weltons (defendants) were bound to file a notice of their claim for affirmative relief, as Cook had notice that an equitable action was pending, the judgment of the court that Learned had no title was binding upon him". (P. 487.) "By the *lis pendens* filed by the plaintiff in that action, his grantee (Cook, defendant here), had notice that while he, Learned, the plaintiff, claimed to be the rightful owner of the premises, the defendants, Weltons, claimed an interest therein adverse to him, and that the court was asked to adjudicate upon the respective claims." (P. 486.) In other words, as the causes of action in the complaint and cross-complaint were identical, a *lis pendens* filed under one would be notice of both. A cross-complaint filed under such circumstances does not set up "affirmative relief", in the sense that such words are used in the statute, hence no *lis pendens* is required.

The notice relied upon by respondents is constructive only, and no attempt was made at the trial to prove actual notice, either express or implied. Judging from the record before us, it is quite possible that such matters may be developed upon a retrial of the case. We are constrained to hold, however, that appellant cannot be charged with constructive notice of the allegations of the cross-complaint by reason of the failure of respondents to comply with the provisions of section 409 of the Code of Civil Procedure.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 6, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1932.