HORACE O. WHITE AND ETHEL WHITE, PLAINTIFFS AND
RESPONDENTS, *v.* MARION CONNOR, AS SPECIAL ADMINIS-
TRATRIX OF THE ESTATE OF DAVID DONOHUE, DE-
CEASED, AND CATHERINE DONOHUE, HIS WIFE, ALICE
FLINK, JENS NIELSON AND ALMA NIELSON, HIS WIFE,
ET AL., DEFENDANTS AND APPELLANTS.

No. 9835.
Submitted September 18, 1959. Decided July 22, 1960.
354 P.2d 722.

Longan & Jones, Neil S. Keefer, Billings, for appellants. Franklin S. Longan argued orally.

Clifford E. Schleusner, Billings, argued orally for respondents.

MR. JUSTICE ADAIR delivered the Opinion of the Court.

This is an appeal from an order made May 16, 1957, by the district court for Yellowstone County, which assumed to open up, set aside and vacate a decree entered on May 24, 1956, by that court in a suit to quiet the title to a particularly described section of land situate in Yellowstone County, Montana.

*The Facts.* On August 20, 1943, Yellowstone County, Montana, as the sole plaintiff, by its then county attorney, R. F. Hibbs, Esq., and his deputies, Frederic Moulton, Esq., and Melvin Hoiness, Esq., commenced quiet title action No. 21,027, in the district court for Yellowstone County, by that day filing in such court, the plaintiff county's complaint seeking to quiet title to:

"All of Section 28, Township 7, North of Range 32, East of the Montana Principal Meridian, Yellowstone County, Montana, subject to a lease to The Carter Oil Company, a corporation."

The defendants, known or unknown, named or unnamed, mentioned, designated, or in any wise referred to in plaintiff county's complaint so filed were as follows:

"David Donohue and ................Donohue, his wife, if any, Alice Flink; Jens Nielson and Alma Nielson, his wife; the unknown heirs at law of each of the above-named parties if any; and all other persons unknown, claiming, or who might claim any right, title, estate, or interest in or lien or encumbrance upon the real property described in the complaint, or any part thereof adverse to Plaintiff's ownership thereof, or any cloud upon Plaintiff's title thereto, whether such claim, or possible claim, be present or contingent, including any claim or possible claim of dower, inchoate or accrued, Defendants."

*Summons Issued.* On August 20, 1943, and immediately upon the filing of the above complaint, summons was duly and regularly issued in the action and delivered to the sheriff of

Yellowstone County, Montana, for service upon all the defendants, both known and unknown, mentioned or referred to in the plaintiff county's complaint.

*Lis Pendens Filed.* On the day the suit was commenced, to-wit, on August 20, 1943, a due, proper and sufficient written notice of the pendency of the county's quiet title action No. 21,027, designated as "Notice of the Pendency of an Action", and signed by plaintiff's counsel, Melvin N. Hoiness, Esq., as deputy county attorney for Yellowstone County, was filed in the office of the county clerk and recorder of Yellowstone County, Montana, which notice contained the title of the district court in which the quiet title action was and is filed, the full caption of the cause, a complete description of all the property involved in the action so commenced, and a statement of the relief sought by the plaintiff, Yellowstone County, Montana, all as is provided for in section 9481, Revised Codes of Montana of 1935 (now R.C.M. 1947, § 93-6205.) Also see R.C.M. 1947, § 93-6205.

No question was or is raised as to either the sufficiency or validity of the notice of the pendency of the action so filed.

On August 24, 1943, the summons theretofore issued in the action was returned to and filed in the office of the clerk of the district court for Yellowstone County, in district court action No. 21,027, supra, with the return of the sheriff of Yellowstone County endorsed thereon, certifying that service of such summons had been personally made in Yellowstone County, Montana, upon the defendants, Jens Nielson and Alma Nielson, his wife, and that, with the exception of these two personally served defendants, to-wit, Mr. and Mrs. Nielson, the other defendants named or referred to in the action could not, after diligent search and inquiry, be found within the State of Montana, and that personal service could not be made upon the defendants named in the summons and complaint other than the two served defendants, namely, Jens Nielson and Alma Nielson, his wife.

Neither the defendant, Jens Nielson, nor the defendant, Alma Nielson, made any appearance of any sort or character in the action.

*Affidavit for Publication of Summons.* On July 17, 1944, pursuant to the provisions of section 9482, Rev. Codes of Montana of 1935, and upon the filing of an affidavit that day made and filed by Melvin N. Hoiness, Esq., of counsel for the plaintiff county and then a deputy county attorney for Yellowstone County, which affidavit sets forth all the essential facts with reference to any and all of the defendants in the action upon whom personal service of summons within the State of Montana could not and cannot be made, the district court for Yellowstone County, made its certain order for the service of summons by publication upon each and all of the defendants not theretofore personally served. See section 9482, Rev. Codes 1935 (now R.C.M.1947, § 93-6206).

*Order for Publication of Summons.* In its order for the publication of summons so made and filed on July 17, 1944, the district court for Yellowstone County ordered that service of summons in such district court action No. 21,027 be made upon all the defendants not theretofore personally served, by publication of alias summons in the Laurel Outlook, a newspaper published in Laurel, Yellowstone County, Montana, and designated by the order, as the newspaper most likely to give notice to the defendants in the action, and ordered that such publication be made once a week for a period of four consecutive weeks. See sections 9483 and 9485, Rev. Codes of 1935, now R.C.M. 1947, §§ 93-6207, 93-6208.

The order further directed and ordered that a copy of the summons and a copy of the complaint in the action be forthwith deposited in the postoffice, postage prepaid, directed to each of the following three named defendants at their last known places of residence, to-wit:

"David Donohue and ............... Donohue, his wife, if any, Castle Cooke, Kilworth County, Cork, Ireland.

"Alice Flink, Minneapolis, Minnesota."

Pursuant to the above court order, alias summons for publication was duly and regularly issued in said action, on July 17, 1944.

*Proof of Mailing.* On July 17, 1944, the affidavit of Emile B. Stone, a citizen of the United States and a resident of the State of Montana, over the age of twenty-one years, and not disqualified from giving testimony in district court action No. 21,027 filed in the office of the clerk of the district court in said cause her certain affidavit wherein she deposed "that on the 17th day of July 1944, she deposited in the United States Post Office at Billings, Montana, with full postage thereon prepaid, a true copy of the Complaint, Summons and Alias Summons for Publication in the above-entitled action, enclosed in an envelope properly addressed to David Donohue, Castle Cooke, Kilworth County, Cork, Ireland, ................ Donohue, wife of David Donohue, Castle Cooke, Kilworth County, Cork, Ireland. Alice Flink, Minneapolis, Minnesota."

*Proof of Publication.* The publication ordered was duly completed August 10, 1944, and was and is established by the affidavit of Jos. Gehrett, foreman of the Laurel Outlook, a weekly newspaper published in the City of Laurel, in the County of Yellowstone, which affidavit has attached and made a part thereof a true and correct copy of the alias summons issued in said quiet title action No. 21,027, supra. In his said affidavit, which was filed in said district court and cause on September 7, 1944, the affiant, Jos. Gehrett deposes and says that a true copy of the alias summons "was published in the regular and entire issue of said newspaper for 4 successive issues, commencing on the 19th day of July, 1944, and ending on the 9th day of August, 1944 (both days inclusive) making in all 4 publications."

The last sentence of section 9485, Rev. Codes 1935, provided: "Service shall be deemed complete on the twenty-second day after the day of first publication."

Since the summons for publication was first published on July 19, 1944, the service was deemed complete on the twenty-second day thereafter being August 10, 1944.

Thus, at all times from and after August 10, 1944, did the district court for Yellowstone County acquire and have jurisdiction over the person of each and every defendant in this action, whether known or unknown and whether named or unnamed therein.

*Substitution of Special Administratrix for Deceased Defendant.* On March 28, 1956, being more than eleven years after service of process had been completed upon all defendants in quiet title action No. 21,027, J. J. Cavan, Jr., then the county attorney for Yellowstone County, entered into a written stipulation with the law firm of Longan and Jones, as counsel for one Marion Connor, special administratrix of the estate of David Donohue, deceased, stipulating that such administratrix may be substituted as a defendant in the quiet title action in the place and stead of the defendant, David Donohue, and on March 30, 1956, and pursuant to such stipulation the court ordered that such substitution be made.

*Joint Answer.* On April 4, 1956, the defendant, Marion Connor, as special administratrix of the estate of David Donohue, deceased, and the defendant, Catherine Donohue, filed their joint answer to the complaint of the plaintiff, Yellowstone County, which complaint had been filed on August 30, 1943, being more than a dozen years before.

No lis pendens was filed at any time by or on behalf of either of the two answering defendants and their joint answer raised no issue whatever as to the title asserted and claimed by the plaintiff, Yellowstone County, to the surface of all the lands as described in plaintiff's complaint, and comprising ''all of Section 28, Township 7, North of Range 32, East of the Montana Principal Meridian, Yellowstone County, Montana.''

In their joint answer, the answering defendants, Marion Connor and Catherine Donohue, alleged:

8

That by patent dated May 27, 1919, the United States of America conveyed to David Donohue, since deceased, a fee simple estate in the *east one-half* of Section 28 above-described;

That by warranty deed dated October 24, 1925, and recorded November 28, 1925, David Donohue, as first party, conveyed all the real estate in said east one-half of the above-described Section 28 to the defendant, Jens Nielson, as second party, but subject to the following express reservation made by the grantor, David Donohue, ''an undivided one-sixteenth royalty of all the minerals, including oil and gas, produced from said real estate'', to-wit, the east one-half of said Section 28;

That by warranty deed dated February 27, 1935, and duly recorded on March 5, 1935, the defendant, Jens Nielson, conveyed his interest in the above-described real estate, to-wit, the *east one-half* of said Section 28 to the plaintiff, Yellowstone County;

That the plaintiff, Yellowstone County, as grantor, by deed dated April 29, 1953, and duly recorded on April 30, 1953, conveyed and quit-claimed all of its right, title and interest in the above-described real estate to Horace O. White and Ethel White, husband and wife, reserving unto the grantor, Yellowstone County, a 6¼ percent royalty of all oil and gas produced and saved from such land;

That by reason of the foregoing the questions set forth and raised in the complaint of the plaintiff, Yellowstone County, as to the real estate therein described, have become and are now moot and that as of April 4, 1956, the date whereon the joint answer was filed, the plaintiff, Yellowstone County, then owned no interest in the real estate covered by its complaint except the plaintiff county's reserved ''6¼ percent royalty of all oil and gas produced and saved from such land.''

The relief for which the answering defendants, Catherine Donohue and Marion Connor, as special administratrix of the estate of David Donohue, deceased, prayed in their joint answer was for judgment that the plaintiff, Yellowstone County's com-

plaint be dismissed as against all the defendants and that the two answering defendants, Marion Connor, as special administratrix and Catherine Donohue, as surviving widow and heir-at-law of David Donohue, deceased, be ''declared and adjudged to own in fee simple an undivided one-sixteenth of all minerals, including oil and gas, in and under the E½ of Section Twenty-Eight (28), Township Seven (7) North, Range Thirty-Two (32) E., M.P.M., Yellowstone County, Montana.''

*Trial Had.* On May 24, 1956, a trial was had before the district court, sitting without a jury, on the issues presented by the complaint of Yellowstone County, then the sole plaintiff, and the joint answer of the defendants, Marion Connor and Catherine Donohue, at which trial the plaintiff county was represented by the county attorney and the two answering defendants were represented by their counsel.

*Judgment Entered.* Following the above trial, the district court, on May 24, 1956, gave and entered judgment wherein it adjudged, *inter alia,* and decreed : ''That Catherine Donohue, her heirs and assigns, is the owner in fee, subject to the probate of the estate of David Donohue, deceased, of a 6¼% royalty interest in and to all oil and gas produced and saved from the E½ of Section 28, Township 7 North, Range 32 East, M.P.M., Yellowstone County, Montana, both under any lease now in existence or any future oil or gas lease.''

*Motion to Vacate Judgment.* On November 21, 1956, being almost six months after the entry of the foregoing judgment of May 24, 1956, Horace O. White and Ethel White, being subsequent purchasers *pendente lite* and neither having ever been made a party to the county's quiet title suit No. 21,027, made and filed therein a joint affidavit, together with a written notice designated as ''Notice of Motion to Open Up and Vacate Judgment'' and a written motion designated as ''Motion to Open Up and Set Aside Judgment.''

Horace O. White and Ethel White, his wife, set forth in both their notice of motion and in their joint motion but three

grounds upon which they sought to open up, vacate and set aside the trial court's judgment and decree of May 24, 1956, contending:

1.   That the movants, Horace O. White and Ethel White were real parties in interest in the quiet title action and should have been made parties therein;

2.   That the movants White were entitled to actual notice of the pendency of the county's quiet title action;

3.   That the judgment entered in quiet title action No. 21,027, adversely affects valuable property rights of the movants White and that such judgment was taken against the Whites "through their mistake, inadvertence, surprise and excusable neglect."

*Joint Supporting Affidavit.* The joint affidavit filed by Horace O. White and Ethel White in support of their motion to open up and set aside the judgment generally sets out the history of the quiet title suit through the entry of the judgment in the action.

Therein the affiants White stated:

That the records and files in the quiet title action show that at the hearing and trial, on May 24, 1956, the plaintiff, Yellowstone County, informed the court that it no longer claimed any interest in the described property "excepting a royalty interest of 6¼% of all oil or gas and other hydrocarbons produced and saved from said land";

That the records and files in action No. 21,027, further show that the defendants, Marion Connor, as special administratrix of the estate of David Donohue, deceased, and Catherine Donohue, surviving widow and heir-at-law of David Donohue, introduced uncontested "proof supporting the claim that they were the owners of a 6¼% royalty interest of all oil and gas produced from said lands";

That the trial court made findings of fact and conclusions of law and rendered its judgment and decree in conformity with such uncontested, uncontroverted and unresisted proof adjudging and decreeing that the answering defendant, Marion

Connor, as special administratrix of the estate of David Dono-
hue, deceased, and Catherine Donohue, "were the owners of a
6¼% royalty interest in all oil, gas and other hydrocarbons
produced and saved from said land."

In their joint affidavit Horace O. White and Ethel White
further state:

That they have fully and fairly stated the facts to their
counsel and that both the affiants and their counsel verily
believe that the reserved interest of the defendants, Marion
Connor and Catherine Donohue "should be properly interpreted
and construed as a mineral reservation as distinguished from a
royalty reservation", and that the answering defendants Con-
nor and Donohue "are lawfully entitled to 1/16 of all oil and
gas or minerals in and under said land, and that they are not
lawfully entitled to 6¼% of all oil or gas or minerals produced
and saved from said lands, as was decreed to them under said
judgment";

That the affiants White were and are real parties in interest
in said quiet title action having an interest therein adverse to
that of the answering defendants, Marion Connor and Catherine
Donohue;

"That a fair interpretation and construction of the records
in the office of the County Clerk and Recorder of Yellowstone
County * * * subsequent to April 30, 1953, reflected such adverse
interest of deponents";

That the affiants should have been joined in the action;

That they "did not receive any actual notice of the institution
or pendency of the above-entitled quiet title action prior to the
entering of said judgment on May 24, 1956, or at all";

That the affiants have no other means of relief or redress
"and that unless this judgment is opened up and set aside, and
deponents permitted to interplead as parties in this action", they
"will be irreparably damaged and forever foreclosed and bar-
red from urging or asserting the merits of their position and

claim'' and that the effect of said judgment is to deprive affiants of valuable property rights without due process of law.

*Hearing on Motion to Vacate.* On January 25, 1957, a hearing was had on the joint motion of Horace O. White and Ethel White to open up, vacate and set aside the trial court's judgment of May 24, 1956, at which hearing evidence was introduced establishing the following facts, viz.:

On August 20, 1943, at 2:45 o'clock p. m. a timely and proper typewritten ''Notice of the Pendency of Action'', being the quiet title action that day commenced by Yellowstone County, as plaintiff, against David Donohue, his wife, and others, as defendants, was filed in the office of the county clerk and recorder for Yellowstone County, Montana.

Five years, ten months and fifteen days after the above ''Notice of the Pendency of Action'' was filed, to-wit, on July 5, 1949, pursuant to notices given, both by posting and publication, the County of Yellowstone at the front door of the county courthouse in Billings, Montana, offered for sale to the highest bidder all of Section 28, Township 7 North of Range 32, East, M.P.M., at which time but one bid was made and received, and the property was then struck off to the only bidders Horace O. White and Ethel White, husband and wife, for $1,440 to be paid in stipulated installments and on terms to be stated in a written contract to be executed.

On the following day, July 6, 1949, being almost five years after service of summons on *all parties* to the quiet title suit, No. 21,027, had been obtained and completed, Yellowstone County made and entered into a written contract to sell to Horace O. White and Ethel White all of the described section of land comprising the subject matter of the quiet title action, No. 21,027, which action was then pending and undetermined, the purchase price being payable in stipulated annual installments and the sale being subject to this reservation, viz.:

''All the above-described land is sold with reservation unto Yellowstone County, Montana, its successors and/or

assigns, 6¼ percentum of all oil and/or gas and other Hydro-Carbons produced and saved from said land. Also above lands are subject to the Alkali Grazing District, Inc., Lease which expires February 28th, 1950.''

On April 30, 1953, the purchasers, Horace O. White and Ethel White, having performed their obligations under the above contract of sale so entered into with Yellowstone County, were delivered a deed to all of Section 28 as above-described with this single reservation, namely:

''All the above-described land is sold with reservation unto Yellowstone County, Montana, its successors and/or assigns, 6¼ percentum of all oil and/or gas and other Hydro-Carbons produced and saved from said land.''

The foregoing deed so delivered was promptly and duly filed for record and recorded in the office of the county clerk and recorder of Yellowstone County on April 30, 1953, being the date of its delivery to the purchasers *pendente lite,* Horace O. White and Ethel White, the grantees named in such deed.

Following the hearing held on January 25, 1957, the district court had the motion to open up and vacate the judgment under consideration until May 16, 1957, on which date such court made and entered an order:

(a) Granting the motion of Horace O. White and Ethel White to open up and vacate the judgment;

(b) Ordering that Horace O. White and Ethel White be substituted as plaintiffs in the quiet title action in the place and stead of the original plaintiff, Yellowstone County, and

(c) Granting Horace O. White and Ethel White twenty days within which to file a reply to the joint answer of the defendants, Marion Connor and Catherine Donohue.

From the order so made the answering defendants, Marion Connor and Catherine Donohue, have appealed to this court.

The question presented by the appeal is: Was it error for the district court to open up, vacate and set aside its judgment of May 24, 1956?

The fact that the answering defendants, Marion Connor, as special administratrix of the estate of David Donohue, and Catherine Donohue, as the surviving wife and sole heir-at-law of David Donohue, are entitled to some legal interest in the east one-half of the described Section 28 has never been questioned.

The two answering defendants concede that the statute, R.C.M. 1947, § 93-2824, accorded the two subsequent purchasers, *pendente lite,* Horace O. White and Ethel White, the right to take a timely and proper appeal from the judgment by which they claim to have been aggrieved, R.C.M. 1947, § 93-8002, but of this right the Whites failed and neglected to avail themselves. R.C.M. 1947, § 93-8004.

The answering defendants here contend that since the Whites failed to comply with the statute, section 93-2824, supra, and to pursue the course therein prescribed that it became and was reversible error for the trial court to grant the motion and to open up, vacate and set aside the judgment rendered in an action wherein the Whites had acquired no interest whatever until years after the commencement of the suit.

*Mistake, Inadvertence, Neglect.* As one ground of their motion, the movants White contend that the judgment of which they complain ''was taken against them through their mistake, inadvertence, surprise, and excusable neglect.''

To sustain this contention or ground the movants White rely upon the provisions of R.C.M.1947, § 93-3905, the second sentence whereof, in part, provides: ''The court may * * * upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect''.

In interpreting and applying the provisions of section 93-3905, supra, in the recent case of Simons v. Keller, 137 Mont. 52, 350 P.2d 366, 368, this court quoted from Cure v. Southwick 137 Mont. 1, 349 P.2d 575, as follows:

"Also, this court has declared many times that default judgments are not favored; that although slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal, only in exceptional cases will this court disturb the action of a trial court in reopening a default; that when a motion is made and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion. Worstell v. Devine, 135 Mont. 1, 335 P.2d 305; Holen v. Phelps, 131 Mont. 146, 308 P.2d 624; Waggoner v. Glacier Colony of Hutterites, 127 Mont. 140, 258 P.2d 1162; Nash v. Treat, 45 Mont. 250, 122 P. 745.''

To apply the above principle, it is obvious that the first essential is that the party applying for relief under Section 93-3905, supra, must make a proper and adequate showing, wherein he sets forth the particular facts and circumstances constituting the mistake, inadvertence, surprise, or excusable neglect upon which he relies.

In Robinson v. Petersen, 63 Mont. 247, 252, 206 P. 1092, 1094, this court said:

''The universal rule is that there must be a statement of facts so that the court can determine whether or not the mistake, inadvertence, surprise, or excusable neglect urged in support of the motion is within the contemplation of the statute. Bowen v. Webb, 34 Mont. 61, 85 P. 739; Schaeffer v. Gold-Cord Min. Co., 36 Mont. 410, 93 P. 344; Pearce v. Butte Elec. Ry. Co., 40 Mont. 321, 106 P. 563; Vadnais v. East Butte E. C. Min. Co., 42 Mont. 543, 113 P. 747; Lovell v. Willis, 46 Mont. 581, 129 P. 1052, 43 L.R.A.,N.S., 930, Ann.Cas. 1914B, 587; Kersten v. Coleman, 50 Mont. 82, 144 P. 1092; State ex rel Smotherman v. Dist. Court, 50 Mont. 119, 145 P. 724; Delaney v. Cook, 59 Mont. 92, 195 P. 833. This has always been the construction by this court of section 6589, supra [Rev. Codes 1907, now section 93-3905, R.C.M. 1947], upon which the defendant's right to relief is predicated. In the furtherance of justice, and that

16

every man may be heard to make his defense, this rule has been liberally construed, Jensen v. Barbour, 12 Mont. 566, 31 P. 592; Pengelly v. Peeler, 39 Mont. 26, 101 P. 147; Greene v. Mont. Brewing Co., 32 Mont. 102, 79 P. 693; Voelker v. Gold-Curry Min. Co., 40 Mont. 466, 107 P. 414; Farmers' Co-Operative Ass'n v. Roper, 57 Mont. 42, 188 P. 141; Beadle v. Harrison, 58 Mont. 606, 194 P. 134, *but in all cases facts, not conclusions, have been stated.*

"* * * The mere statement that a mistake was made or a misunderstanding had without showing a single fact or circumstance out of which it grew is nothing more than a bald legal conclusion. The reasons and the causes and the excuses for the mistake, inadvertence, surprise or excusable neglect are the matters which concern the court. Mistake, inadvertence, surprise, or excusable neglect in the abstract are no plea upon which to set aside a default."

*Joint Affidavit Was Insufficient.* In the instant case, the joint affidavit of Horace O. White and Ethel White, his wife, merely sets out the record made in the quiet title action No. 21,027, so commenced by Yellowstone County, as plaintiff, and the statements of the affiants White in their affidavit to the effect that the judgment rendered in that quiet title action was erroneous because both the affiants White and their attorney believe the interest reserved by the patentee, David Donohue, and to which the answering defendants, Marion Connor, as special administratrix and Catherine Donohue, as surviving wife and heir-at-law of the decedent, David Donohue, succeeded, to be a mineral reservation and not a royalty reservation.

There is not a single fact stated or set forth by the affiants White, in their joint supporting affidavit, that shows either mistake, inadvertence, surprise or excusable neglect. The affidavit merely sets forth general statements in the words of the statute, section 93-3905, supra, there being no statement of the particular facts, if any, there be, upon which the affiants rely

or which can be said to constitute mistake, inadvertence, surprise or excusable neglect. Such general restatement of the words employed in the statute, section 93-3905, supra, are but bald conclusions of law which fall far short of satisfying the showing required by the provisions of section 93-3905, supra.

The Whites were not made parties defendant when the suit was commenced for the simple and sufficient reason that at such time the Whites had and they claimed no interest whatever in the described Section 28.

The merit of the motion of the affiants White to open up and vacate the judgment of May 24, 1956, must then rest upon the validity of the claims and contentions urged by the affiants as the other two grounds of the motion, wherein affiants claim:

(1) That they were real parties in interest in the quiet title suit and should have been made parties to such action, and

(2) That affiants were entitled to actual notice of the suit to quiet title without which the judgment rendered was without jurisdiction and a nullity.

*Jurisdiction.* There is no denying the fact that the court did have jurisdiction over the plaintiff, Yellowstone County, at all times after the filing of the complaint and over all the defendants in the action from August 10, 1944, when service of summons was completed, until July 6, 1949, the date whereon the contract for sale and purchase of the property was entered into between Yellowstone County and Horace O. White and Ethel White.

The Whites urge that the trial court lost jurisdiction to enter the judgment of May 24, 1956, and contend that as subsequent purchasers of the county's unreserved interest in the property, they, the Whites, became real parties in interest and as such essential parties to the action.

It is quite true that section 93-2801, R.C.M.1947, requires that every action must be prosecuted in the name of the real

party in interest, but where an action is pending at the time of the transfer of a portion of the original plaintiff's interest, as was done here, the provisions of section 93-2824, R.C.M. 1947, became applicable, same providing in part: "* * * the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding." See Osborne v. McDonald, 91 Mont. 83, 86, 5 P.2d 568.

The Whites, as purchasers, *pendente lite,* had constructive notice of this pending action when they entered into the contract to purchase in 1949, and it does not seem possible that such subsequent purchasers did not, in fact, also have *actual notice* of the pending action.

With this knowledge on the part of the Whites, they became and were persons acquiring a particular interest in the real property described in the action from and after the acceptance of their bid on the property of July 5, 1949, although they did not then nor thereafter become the only persons or parties in interest, since the original plaintiff, Yellowstone County, had not and has not as yet divested itself of all its interest in the property. In view of these undisputed facts, we fail to see how the inaction of the Whites in neglecting, failing and omitting to make timely and proper application to the trial court to have themselves admitted and added as parties plaintiff in the action could divest the district court of jurisdiction in the cause. See section 93-2824, supra.

The action did not abate because of the transfer by Yellowstone County of a part or portion of its interest. The fact remains that Yellowstone County still continues as a party plaintiff and by virtue of the provisions of section 93-2824, R.C.M. 1947, the district court continues to have and retain jurisdiction in the action.

The Whites contend, that even though by the filing on August 20, 1943, of the *lis pendens,* they be deemed to have had constructive notice of the pendency of the action on July

6, 1949, the date whereon they entered into the contract to purchase a portion of the county's interest in the property, nevertheless, such constructive notice would be good and sufficient only up to the filing on April 4, 1956, of the joint answer of the answering defendants, Marion Connor and Catherine Donohue, and that such constructive notice afforded by the *lis pendens* filed by the plaintiff, Yellowstone County, would not impart to the Whites constructive notice of the matters set forth and contained in the joint answer of Marion Connor and Catherine Donohue, which pleading the Whites contend asks for affirmative relief.

To sustain their above contention the Whites cite and rely upon R.C.M.1947, § 93-3005, which provides:

"In an action affecting the title or right of possession of real property, or in an action between husband and wife, the plaintiff, at the time of filing the complaint, and *the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer,* or at any time afterward, may file in the office of the clerk of the county in which the property is situated a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property in that county affected thereby. *From the time of filing of such notice only shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action,* and only of its pendency against parties designated by their real names." Emphasis supplied.

The Whites assert: That the answering defendants, Marion Connor and Catherine Donohue, claimed affirmative relief; that such claim made the provisions of the statute, section 93-3005, supra, applicable; that since the two answering defendants did not file a *lis pendens* when they filed their answer, or afterwards, the Whites as subsequent purchasers, *pendente lite,* were not given constructive notice of the pendency of the action or any notice, and that the judgment rendered in the action is

therefore void as to these two subsequent purchasers, *pendente lite.*

While the joint answer of the answering defendants, Marion Connor and Catherine Donohue, does contain paragraphs designated as affirmative defenses, yet the specific question presented is: Does the joint answer claim affirmative relief within the purview of the above-quoted section 93-3005?

Affirmative defenses are not necessarily claims for affirmative relief as contemplated by section 93-3005, supra.

An examination of the joint answer discloses that the answering defendants do not deny the claim of the plaintiff, Yellowstone County, to the ownership of all the surface rights in the described Section 28. Nor in their joint answer, do the answering defendants deny any other interest or right claimed by the plaintiff county—other than the answering defendants do allege and claim to be the owners of an undivided one-sixteenth royalty of all the minerals, including oil and gas, produced from the east one-half of the described Section 28, specifically reserved and exempted unto the defendant, David Donohue, the grantor in a warranty deed to Jens Nielson, recorded November 28, 1925, in Book 120, at page 220, in the office of the county clerk and recorder of Yellowstone County, but does this constitute a claim for affirmative relief within the provisions of section 93-3005, supra? We do not so read the statute.

As additional authority in support of the contention that a *lis pendens* should have been filed by the answering defendants, the Whites cite the rule appearing in 34 Am. Jur., Lis Pendens, § 30 at p. 385, viz.:

"While performance of the requisites hereinbefore noticed brings the doctrine into general operation in so far as the pertinent allegations of the plaintiff's pleading are concerned, it does not operate in respect of matters not therein contained; and the courts have declared that new and affirmative rights set up by the defendant by way of cross complaint or cross

bill are not affected by the rule until his pleading had been filed.

"This rule is said to be based upon the view that if a purchaser from the plaintiff in a pending suit should be required to anticipate cross complaints which might greatly broaden the scope of the action or alter the nature of the relief sought, it would be a dangerous matter to purchase any property from any litigant at all."

The Georgia case of Bridger v. Exchange Bank, 136 Ga. 821, 56 S.E. 97, 8 L.R.A., N.S., 463, 115 Am.St.Rep. 118, is cited in support of the last paragraph above quoted from 34 Am. Jur., Lis Pendens, § 30 note 13, p. 385.

The Bridger case, supra, is from a jurisdiction where the common-law rule obtains as to the necessity for and effect of filing for record a notice of *lis pendens*. In Montana the rule which governs is provided by express statute being R.C.M. 1947, § 93-3005, which so far as is applicable to the instant case, is identical with the provisions of section 409, of the California Code of Civil Procedure.

In Orekar v. Lager, 1933, 122 Cal.App. 370, 373, 10 P.2d 178, the California district court of appeals gave careful consideration to both the Georgia Case of Bridger v. Exchange Bank, supra, and to the provisions of the California statute, section 409, Cal. Code of Civil Procedure, supra. The facts were as follows:

On June 17, 1927, Tony Ownes, as plaintiff, commenced in the Superior Court for the City and County of San Francisco an action against Frank Orekar, Barbara Orekar and Pacific Coast Apartment Builders Corporation, as defendants, seeking to set aside a deed made and delivered by the defendants, Frank and Barbara Orekar to the defendant, Pacific Coast Apartment Builders Corporation, and purporting to convey certain described real property to such corporation.

In his complaint, Tony Ownes, a creditor of Frank and Barbara Orekar, complained of fraudulent conduct on the part of

the Orekars alleging that they had executed the deed to the defendant corporation for the purpose of defrauding the plaintiff Ownes.

On June 17, 1927, the day of filing his action, the plaintiff, Tony Ownes, also filed for record a *lis pendens* giving notice of the pendency of the action.

On November 18, 1927, the defendants, Frank and Barbara Orekar, filed an amended answer and *cross-complaint* in the action so commenced by Tony Ownes wherein the *cross-complainants,* Frank and Barbara Orekar, complained of fraudulent conduct on the part of one Anton Usik and on the part of Pacific Coast Apartment Builders Corporation, both of whom were named as cross-defendants, alleging false representations had been made to the *cross-complainants,* Frank and Barbara Orekar, by said cross-defendants, Anton Usik and said Pacific Coast Apartment Builders Corporation. No *lis pendens* was filed by the cross-complainants Orekars.

On December 29, 1927, and while the action so brought by Tony Ownes was pending and undetermined, the defendant Pacific Coast Apartment Builders Corporation made and executed a *deed of trust*, covering the described real property, to secure the payment of the sum of $2,200 and thereafter David Lager became the grantee and assignee of the beneficiary under said deed of trust.

On March 28, 1928, judgment in the action, Ownes v. Orekar, supra, was entered in favor of the defendants and cross-complainants, Frank Orekar and Barbara Orekar, setting aside the deed from Frank and Barbara Orekar to the *cross-defendant,* Pacific Coast Apartment Builders Corporation.

Frank Orekar and Barbara Orekar, as plaintiffs, then brought a new action against David Lager for the purpose of annulling the aforesaid deed of trust.

Upon proof of the foregoing facts, the trial court entered judgment for Frank and Barbara Orekar. The effect of such judgment was to annul the deed of trust and thus to deprive

David Lager, the grantee and assignee of the beneficiary under such deed of trust, of his security.

On appeal taken by David Lager, the California Court of Appeals for the First Appellate District reversed the judgment of the trial court and upheld the contention of the appellant Lager who maintained that the *lis pendens* filed for record at the time the complaint in the original action was filed was not constructive notice to him, a subsequent transferee, of the pendency of the cause of action set forth and pleaded in the cross-complaint of the *cross-complainants*, Frank and Barbara Orekar.

In its opinion in Orekar v. Lager, supra, [122 Cal.App. 370, 10 P.2d 179] the California Appellate Court quoted Section 409, of the California Code of Civil Procedure, the provisions of which, so far as pertinent here, are the same as appear in R.C.M.1947, § 93-3005, and then said: ''It will be noted that the statute we have quoted expressly provides that 'the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may record * * * a notice of the pendency of the action.' In the Ownes case affirmative relief was claimed in the answer, and an entirely distinct and different cause of action from that contained in the complaint was alleged. This much is conceded by all parties hereto. The cross-complainants in that case (respondents herein) admittedly and obviously failed to comply with the provisions of the statute in neglecting to file a *lis pendens* when their cross-complaint was filed, or at any time afterwards. They argue that when appellant or his grantor saw the record of the *lis pendens* filed by the *plaintiff* in the action, he was thereby charged with notice of the allegations of all pleadings on file in said action, including the cross-complaint. To adopt such a rule would abrogate the express provisions of the Code section. If the Legislature had in mind such result, why did it provide for a *lis pendens* for *both* the complaint of plaintiff and the affirmative relief of defendant? Can

we assume that they meant what they said in one case, and made an idle gesture in the other? If no *lis pendens* is filed by the plaintiff, there is no constructive notice of the pendency of the action, and purchasers and encumbrancers without actual notice take title free and clear of any rights asserted in the action and any subsequent judgment rendered therein. *Where defendant in his answer sets up an affirmative defense based upon an absolutely different cause of action, the same rule is laid down by the statute.*

''In the numerous cases cited by both counsel herein, no statute similar to or resembling our Code section is involved.'' Emphasis supplied.

In Orekar v. Lager, supra, the California Appellate Court reviewed and distinguished the case of Welton v. Cook, 61 Cal. 481, upon which the respondent Orekars relied. That case arose from the following facts:

One Learned had instituted a quiet title action wherein Welton was a defendant. In Learned's complaint, he [as did Yellowstone County here] asserted that the named defendants claimed an interest adverse to him in the property, the title whereof was sought to be quieted. The defendants Welton in Welton v. Cook, supra, answered asserting title in themselves, but such defendants filed no *lis pendens*. Prior to final judgment in the action, the plaintiff conveyed to one Cook. The final judgment decreed that Welton, the defendant, and one Learned, the plaintiff, to be the owner of the property. The defendant Welton then sought to quiet title against the subsequent grantee Cook and to gain possession of the property. The subsequent grantee Cook contended he was unaffected by the *lis pendens* filed by the plaintiff Learned and that since Welton had failed to file a *lis pendens* giving notice of affirmative relief asked by him that the judgment rendered did not bind Cook. In its decision, the appellate court said:

''The defendant M. M. Cook claims that he is unaffected by the *lis pendens* filed by the plaintiff (his grantor) in the former

suit, and that as the defendants therein filed no *lis pendens* giving notice of the affirmative relief asked by them, he is not bound by the judgment in their favor. By the *lis pendens* filed by the plaintiff (Learned) in that action, his grantee (Cook, defendant here) had notice that while he, Learned, claimed to be the rightful owner of the premises, the defendants Weltons claimed an interest therein adverse to him, and that the Court was asked to adjudicate upon the respective claims; and admitting (which we do not) that in such case the Weltons were bound to file a notice of their claim for affirmative relief, as Cook had notice that an equitable action was pending, the judgment of the Court that Learned had no title was binding upon him; and as he entered under the deed from Learned, pending the litigation, claiming no other right than such as the deed conferred upon him, he is as much bound by the judgment that Learned was not the owner as Learned himself would have been.''

The above result is explained in Orekar v. Lager, supra, as follows: *''In other words, as the causes of action in the complaint and cross-complaint were identical, a lis pendens filed under one would be notice of both. A cross-complaint filed under such circumstances does not set up 'affirmative relief,' in the sense that such words are used in the statute, hence no lis pendens is required.''* Emphasis supplied.

Such also is the result in the instant case. Here the defendants, Marion Connor, as administratrix of the estate of David Donohue, deceased, and Catherine Donohue, as the widow and sole heir-at-law of David Donohue, in their joint affirmative answer asserted a claim to an excepted and reserved interest in the east one-half of the described section 28, the title of which section was about to be quieted, which joint affirmative answer did not broaden the scope of the action, nor did it alter the nature of the relief sought therein. The claim of the answering defendants Connor and Donohue is not for affirmative relief as contemplated by section 93-3005, R.C.M.1947, and it was not

necessary for such answering defendants to file a notice of *lis pendens*. The Whites, as subsequent purchasers and grantees *pendente lite* from the plaintiff grantor, Yellowstone County, had constructive notice of the pendency of the county's action, and of each and every pleading filed therein and such subsequent purchasers were and are bound by the judgment rendered on the plaintiff county's complaint and on the affirmative defenses pleaded by the answering defendants in their joint answer because they encompass and are but one and the same cause of action. The trial court had jurisdiction to render and enter its judgment of May 26, 1956. It was and is a valid judgment. The motion of the subsequent purchasers, Horace O. White and Ethel White, to open up, set aside and vacate the judgment so given and entered is without merit and the order granting such motion and vacating the judgment is reversed and set aside.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY and CASTLES concur.

MR. JUSTICE ANGSTMAN:

I concur in the result reached in the foregoing opinion but not with all that is said therein.