[No. G002153. Fourth Dist., Div. 3. Nov. 25, 1986.]

FREMONT INDEMNITY COMPANY,
Cross-complainant and Appellant, v.
PETE O. DU ALBA et al., Cross-defendants and Respondents.

COUNSEL

Feinstein, Gourley & Mandel, Jeffrey L. Malek and Phillip E. Handin for Cross-complainant and Appellant.

Crowe, Collisson & Kaplan, Peter D. Collisson and Ronald J. Sokol for Cross-defendants and Respondents.

OPINION

**WALLIN, J.**—In 1978, Robert Corbett intentionally blinded himself at his place of employment in order to collect a worker's compensation award. He subsequently filed the fraudulent claim with Fremont Indemnity Company, his employer's insurance carrier, and was awarded $185,000. Shortly thereafter, while serving time in prison on an unrelated criminal charge, Corbett confessed to the entire scheme.

Meanwhile, Corbett's wife Sonia, a French citizen, took the insurance award and left the state. She first went to Oregon, where she purchased a home for $80,000. Around this time, Fremont learned of Corbett's confession and Sonia's departure to Oregon. Fremont filed a lawsuit in Oregon against Sonia to recover the insurance proceeds and to impose a constructive trust on any assets acquired with those funds. Upon learning of the lawsuit, Sonia quickly sold the property at a loss to a third party who later sold it to the Potters, plaintiffs below. Sonia took the proceeds from the sale of the Oregon property and purchased another residence in Fountain Valley.

The Potters found out about Fremont's lawsuit and discovered Fremont was claiming an interest in the Oregon property they had purchased from Sonia. They filed a lawsuit in Orange County against both Sonia and Fremont seeking declaratory relief, a constructive trust and indemnity. The Potters wanted Fremont to satisfy its judgment first with the Fountain Valley property if Fremont prevailed in the Oregon lawsuit. If, however, Fremont were to obtain title to or an interest in their Oregon property, then the Potters wanted a constructive trust or equitable lien imposed in their favor on the Fountain Valley property, then owned by Sonia.

On October 7, 1982, the day the Potters filed their lawsuit, they also filed a lis pendens against the Fountain Valley property, which was recorded the following morning. Three days later, on October 11, Sonia sold the Fountain Valley property to the Du Albas. She took the proceeds from that sale and apparently returned to France.

After the Du Albas purchased the property, Fremont answered the Potters's complaint and filed a cross-complaint against Sonia and the Du Albas. The cross-complaint alleged fraud by Sonia and sought a constructive trust and/ or equitable lien against the Fountain Valley property.[1] Thereafter, the Du Albas filed a motion for summary judgment on the basis the Potters's lis pendens was insufficient to provide the Du Albas with constructive notice of Fremont's claims to the property. The court granted the Du Albas's motion for summary judgment.

In this appeal, we are urged to view the lis pendens filed by the Potters as sufficient to provide constructive notice[2] to the Du Albas of Fremont's claim to the property.

■ Code of Civil Procedure section 409, subdivision (a) permits a defendant to file a lis pendens when filing a cross-complaint.[3] The issue to be resolved is whether and under what circumstances a defendant must file a separate lis pendens to protect his interest in the property.

No recent relevant case law sheds light on this question. One text, relying

---

[1] Several days later, Fremont filed a lis pendens against the Fountain Valley property; however, it was later expunged and is irrelevant to this appeal as it was filed after the Du Albas purchased the property.

[2] It was conceded by Fremont at oral argument that the Du Albas had no actual notice of the lawsuit; thus, the only question is whether they can be charged with constructive notice.

[3] Code of Civil Procedure section 409, subdivision (a) provides in part, "In an action concerning real property or affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing a cross-complaint, or at any time afterwards, may record . . . a notice of the pendency of the action . . . ."

on several old cases, concludes, "If a cross-action is of the same nature as the complaint, the plaintiff's lis pendens may constitute notice of the claims raised in the cross-action as well. This rule most frequently comes into play when the action is one to quiet title to real property, because it is clear from the nature of the action itself that the defendants [sic] assert adverse claims to the property. See, e.g., *Welton* v. *Cook* (1882) 61 [Cal.] 481; *Olson* v. *Cornwell* (1933) 134 [Cal.App.] 419 [25 P.2d 879]; *Imperial Farming Co.* v. *Van Horn* (1930) 107 [Cal.App.] 717 [290 P. 1077]." (Cal. Lis Pendens Practice (Cont.Ed.Bar 1983) § 2.17, p. 39.)

In *Orekar* v. *Lager* (1932) 122 Cal.App. 370 [10 P.2d 178], plaintiff creditor brought suit to set aside a conveyance by defendant to a corporation on the ground it was executed for the purpose of defrauding the creditor. Plaintiff filed a lis pendens that day. Defendant answered and cross-complained against the corporation. He sought to set aside the conveyance and quiet title against the corporation, contending he was fraudulently induced by the corporation to transfer the property. He did not file a lis pendens.

The corporation subsequently executed a trust deed in favor of the appellant, David Lager, as security for a loan. Thereafter, judgment was entered in favor of defendant, setting aside the conveyance to the corporation. Title was quieted in defendant and against the corporation thereby depriving Lager of the security for his loan.

The sole issue on appeal was whether Lager's trust deed was subject to defendant's interest in the property as set forth in the cross-complaint. Defendant argued that since Lager had constructive notice of the lis pendens filed by the *plaintiff* in the action, he should be charged with notice of all pleadings in the case, including defendant's claim in the cross-complaint. The court disagreed: "To adopt such a rule would abrogate the express provisions of the code section. If the legislature had in mind such result, why did it provide for a *lis pendens* for *both* the complaint of plaintiff and the affirmative relief of defendant? . . . If no *lis pendens* is filed by the plaintiff, there is no constructive notice of the pendency of the action, and purchasers and encumbrancers without actual notice take title free and clear of any rights asserted in the action and any subsequent judgment rendered therein. Where defendant in his answer sets up an affirmative defense based upon an absolutely different cause of action, the same rule is laid down by the statute." (*Id.,* at pp. 372-373.)

The *Orekar* court went on to quote with approval from a Georgia case: "[I]f a person who purchases from a plaintiff in a pending lawsuit were bound to anticipate all possible cross-complaints, which might greatly broad-

en the scope of the action or alter the nature of the relief sought, and if he were affected by the *lis pendens* as to all such possible cross-complaints before they were filed, it would be an exceedingly dangerous matter to purchase property at all from any person who might happen to be either plaintiff or defendant in any sort of action." (*Id.*, at p. 373, quoting from *Bridger* v. *Exchange Bank* 126 Ga. 821, 830 [56 S.E. 97].)

*Welton* v. *Cook, supra,* 61 Cal.2d 481, was distinguished in *Orekar* because there the court expressly refrained from deciding whether a defendant is required to file a separate lis pendens when claiming affirmative relief based on a distinct cause of action. "Plaintiff filed an ordinary complaint to quiet title, and recorded a *lis pendens*. Defendant cross-complained by seeking to quiet title to the same property. Pending the action plaintiff conveyed the property to one Cook. Judgment was rendered for defendant, who brought suit to quiet title against Cook. The latter contended that he was not bound by the action for the reason that no *lis pendens* had been filed by the defendant. . . . 'By the *lis pendens* filed by the plaintiff in that action, his grantee (Cook, defendant here), had notice that while he, Learned, the plaintiff, claimed to be the rightful owner of the premises, the defendants, Weltons, claimed an interest therein adverse to him, and that the court was asked to adjudicate upon the respective claims.' (P. 486.) In other words, as the causes of action in the complaint and cross-complaint were identical, a *lis pendens* filed under one would be notice of both. A cross-complaint filed under such circumstances does not set up 'affirmative relief', in the sense that such words are used in the statute, hence no *lis pendens* is required." (*Orekar* v. *Lager, supra,* 122 Cal.App. at pp. 373-374.)

The foregoing cases make clear that where defendant files a cross-complaint, seeking affirmative relief and a new cause of action, he must file a new lis pendens and cannot rely on the earlier lis pendens filed by plaintiff. Here, the Potters's complaint sought a judicial declaration that Sonia was the party primarily responsible for repayment of the money sought by Fremont in the Oregon lawsuit; that Fremont must first seek payment from Sonia; and that Sonia must indemnify the Potters for any sums Fremont might recover from them in the Oregon action. The Potters also asked that a constructive trust be imposed on the Fountain Valley property if Fremont succeeded in imposing a constructive trust upon the Potters's Oregon property. Fremont's cross-complaint in this case states a cause of action for fraud against Sonia and also seeks affirmative relief, imposition of a constructive trust upon the Fountain Valley property.

Here, without a cross-complaint, the court below is merely determining whether the Potters are entitled to a constructive trust on the property. To establish an interest in the property, Fremont is required to seek affirmative

relief; merely defending the lawsuit would be insufficient to establish a constructive trust in his favor. In quiet title actions, the court is, by definition, adjudicating the question of title as between the parties to the lawsuit.

The Potters's lis pendens did put the Du Albas on notice that an action was pending against the Fountain Valley property; however, they were only on notice as to the Potters's claim. When the Du Albas purchased the property, Fremont had no action pending asserting a claim against the Fountain Valley property. Fremont is attempting to impose upon the Du Albas the burden of foreseeing claims not made until six months after the Du Albas purchased the property. This position would transform a lis pendens into a device requiring a purchaser to investigate the *possibility* that the lawsuit may also reflect claims by third parties not yet filed and guess as to the probability they will be filed.

A lis pendens, in many cases, prevents the transfer of real property and, in all cases, makes the property less marketable. To extend its scope to include potential cross-complaints would unreasonably impede all property transfers. A potential purchaser would be left without any means to effectively weigh the possibility that a subsequent judgment will affect his title. Because a lis pendens is a powerful and easily abused tool, we think the better rule is to narrow, rather than broaden, its scope.

The judgment is affirmed. Respondents are entitled to costs on appeal.

Trotter, P. J., and Crosby, J., concurred.